CHARLES S. HINE et al., Respondents, *v.* PETER BOWE, Appellant.

The firm of E. & H. executed to plaintiff H. an instrument, in form a bill of sale of all of the firm property. H. executed an instrument in return, which stated that, in consideration of the sale, he agreed to cancel an indebtedness of the firm to him, to pay certain specified debts of the firm "and such other sums for wages, merchandise recently purchased and other claims," as the firm might direct, "as entitled to a preference

not exceeding $750." Defendant, as sheriff, levied upon and took the property from the possession of plaintiffs by virtue of attachments issued against the firm. In an action to recover possession defendant claimed that the transfer was, in effect, an assignment for the benefit of creditors, and was fraudulent and void upon its face because of the right reserved to the firm to direct what claims should have the preference for the purpose of the payment of the $750. *Held,* that the contract, as evidenced by the terms of the two instruments, which were to be taken and construed together, did not necessarily import such an assignment, but might be construed as an absolute sale, for which the cancellation of his own debt and the agreement to pay the sums specified was the consideration; that, although the firm was insolvent, H. was at liberty to purchase the property for the purpose of obtaining payment of the debt due him; and if the sale was made absolutely and in good faith, its validity was not affected by the fact that the vendor reserved the right to direct upon what debts of theirs the $750 surplus of consideration was to be paid; that the nature of the transaction depended upon the intent of the parties thereto, which, upon the evidence, was properly a question of fact for the jury.

The court refused a request of defendant's counsel to charge that if the firm was at the time insolvent, and by the bill of sale intended to make an assignment for the benefit of creditors it was void. *Held,* no error, as the request did not embrace any suggestion that plaintiff H. was in any respect in privity with the firm in such intent; that this was essential, as he could not be prejudiced by an intent on their part to create a trust which the terms of the instruments did not import, unless he was in some way chargeable with participation in their intent.

A trial court is not required to submit a mere abstract proposition to a jury.

Reported below, 46 Hun, 196.

(Argued March 25, 1889; decided June 4, 1889.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made October 26, 1887, which affirmed a judgment in favor of plaintiffs, entered upon a verdict.

The action was brought to recover for the alleged conversion of personal property.

The plaintiffs claimed title derived from Epstein & Hine by transfer, evidenced by a bill of sale as follows:

"NEW YORK, *June* 12, 1882.

"C. S. HINE, BOUGHT OF EPSTEIN & HINE.

"Stock tobacco and cigars, fixtures; accounts
considered good; notes considered good;
accounts and notes considered doubtful; all
as per annexed schedule...................$16,204.43"

At the same time C. S. Hine executed an instrument in the
following form:

"NEW YORK, *June* 12, 1882.

"In consideration of the sale to me by Epstein & Hine of the
stock, etc., described in a bill of sale of this date, I agree to
cancel their indebtedness to me for borrowed money, amount-
ing, without interest, to $9,850, to pay the sum of $3,300, bor-
rowed by them from Mrs. Moseman, for which I became
responsible, and also the following sums, which are entitled to
preference, $280.43 to Jacob Henkel; $1,424 to L. C. & J.
Elson; $300 to C. A. Thaxton & Son; $300 to Mary J. Hine;
and such other sums for wages, merchandise recently pur-
chased, and other claims, as Epstein & Hine may direct to be
paid as entitled to preference, not exceeding $750.

"CHAS. S. HINE."

Upon an arrangement agreed upon, Charles S. Hine took
the plaintiff Plant in the business with him and they assumed
the firm name of C. S. Hine & Co., to which firm the property
was transferred by Hine.

The defendant, as sheriff, in behalf of creditors of the firm
of Epstein & Hine, levied attachments, issued in actions against
them, upon the property and took it into his custody. This
constitutes the alleged conversion. The defendant alleged
by way of justification those facts, and that the transfer of the
property to C. S. Hine was fraudulent as against the creditors
of Epstein & Hine.

*Michael H. Cardozo* for appellant. The attempt to pay
individual debts as a part of the consideration for the transfer
of the assets of the insolvent partnership before its creditors

were paid made the entire transaction void. (*Van Vliet* v. *Slauson*, 45 Barb. 317 ; *Knowles* v. *Toone*, 96 N. Y. 534, 536 ; *Rogers* v. *Smith*, 47 id. 324.) An appropriation to the individual debt of one partner of any part of the firm property, even with the assent of his copartner, is illegal and void, provided the firm is not left with sufficient to pay its debts. (*Menagh* v. *Whitwell*, 52 N. Y. 146, 163 ; *Wilson* v. *Robertson*, 21 id. 587 ; *Ransom* v. *Van Deventer*, 41 Barb. 307 ; *Schiele* v. *Healey*, 61 How. 73 ; *Kirby* v. *Schoonmaker*, 3 Barb. Ch. 46.) A transfer of property by which the vendor retains a right, after the transfer, to appropriate part of the consideration therefor to such persons and in such amounts as he desires is void as against existing creditors. (2 R. S. 135 ; 3 id. [Bank's 7th ed.] 2327 ; *Knapp* v. *McGowan*, 96 N.Y. 75 ; *Young* v. *Heermans*, 66 id. 374 ; *Curtis* v. *Leavitt*, 15 id. 9, 122, 132, 148 ; *Leitch* v. *Hollister*, 4 id. 211 ; *Sheldon* v. *Dodge*, 4 Denio, 217 ; *Grover* v. *Wakeman*, 11 Wend. 187, 200 ; *Hyslop* v. *Clarke*, 14 Johns. 458 ; *Kercheis* v. *Schloss*, 49 How. Pr. 284 ; *Goodrich* v. *Downs*, 6 Hill, 438 ; *Lukens* v. *Aird*, 6 Wall. 78 ; *Sims* v. *Gaines*, 64 Ala. 392 ; *Hart* v. *McFarland*, 13 Penn. St. 182.) The bill of sale and agreement of June 12, 1882, were intended by Epstein & Hine as a general assignment, and are void as such in not complying with the general assignment act of 1877, and, in any event, whether they were so intended, was a question of fact for the jury. (*Britton* v. *Lorens*, 3 Daly, 23, 26 ; affirmed, 45 N. Y. 51 ; *Fairchild* v. *Gwynne*, 16 Abb. Pr. 23, 31 ; *Wallace* v. *Wainwright*, 87 Penn. St. 263 ; *Mussey* v. *Noyes*, 26 Vt. 462.) No partnership existed between the plaintiffs, and hence there could be no recovery in this action. (*Smith* v. *Bodine*, 74 N. Y. 30.)

*William H. Arnoux* for respondents. The transfer of the property by Epstein & Hine to Charles S. Hine was an absolute sale. (*Seymour* v. *Wilson*, 19 N. Y. 421.) The knowledge that a firm is in failing circumstances will not, *per se*, render it unlawful for a creditor to receive a transfer of goods

from the failing firm in satisfaction of a demand. ( *Walsh* v. *Kelly*, 42 Barb. 98; *Auburn Exchange Bk.* v. *Fitch*, 48 id. 344; *Man* v. *Whitbeck*, 17 id. 388 ; *Bedell* v. *Chase*, 37 N. Y. 386; *Grover* v. *Wakeman*, 11 Wend. 187; *Spaulding* v. *Strange*, 37 N. Y. 135; *Hale* v. *Stewart*, 7 Hun, 591; *Hyslop* v. *Clark*, 14 Johns. 458; *Miller* v. *Wayland*, 17 id. 102; *Murray* v. *Riggs*, 15 id. 571; *Austin* v. *Bell*, 20 id. 441; *Curtis* v. *Leavitt*, 15 N. Y. 116; *Mackie* v. *Cairns*, 5 Cow. 547; *Shoemaker* v. *Hastings*, 61 How. Pr. 79.) A surviving partner has power, as such, to make an assignment of assets of the firm for the benefit of creditors and to give preference in such assignment. (4 Abb. [N. S.] 210; 51 N. Y. 660; *Robinson* v. *Stewart*, 10 id. 195; *Babcock* v. *Eckler*, 24 id. 623; *Dudley* v. *Danforth*, 61 id. 626.) Even if the alleged sale and transfer was made with intent, on the part of Edget, to hinder and delay his creditors, and plaintiffs had previous notice of such intent, it would not have invalidated the purchase without a further finding that plaintiffs participated in such intent. (*Archer* v. *O'Brien*, 7 Hun, 146.) A creditor has an unquestionable right to prefer one creditor or one set of creditors to another. (*Seymour* v. *Wilson*, 19 N. Y. 417; *Stoddard* v. *Butler*, 20 Wend. 507; *Leitch* v. *Hollister*, 4 Comst. 211; *Dunham* v. *Dixon*, 21 N. Y. 131; *Smith* v. *Beattie*, 31 id. 542; *McClelland* v. *Remsen*, 5 Abb. [N. S.] 252.) The assignment was in the nature of a mortgage. The primary purpose of which was to secure the payment of the debt, and the trust to account for the surplus was purely incidental, is not within the condemnation of the statute, and such a reservation is not unlawful. (*Leitch* v. *Hollister*, 4 Comst. 211; *Curtis* v. *Leavitt*, 15 N. Y. 141; *Dunham* v. *Whitehead*, 21 id. 131; *Bishop* v. *Halsey*, 3 Abb. Pr. 400.) Even if there was fraud and intended fraud on the part of the vendors as to certain creditors, it would not invalidate the sale. (*Dudley* v. *Danforth*, 61 N. Y. 626; *Seymour* v. *Wilson*, 19 id. 421; *Shoemaker* v. *Hastings*, 61 How. Pr. 79.)

*Otto Horwitz* for an attaching creditor.

BRADLEY, J.   The question presented at the trial was, whether the sale made to the plaintiff Hine was in fraud of the creditors of Epstein & Hine.   The two instruments constituting the bill of sale and stating the manner in which payment should be made may be taken together, and, for all practical purposes, treated as parts of the same contract. (*Stow* v. *Tifft*, 15 Johns. 458; *Rogers* v. *Smith*, 47 N. Y. 324; *Knowles* v. *Toone*, 96 id. 534.)   It appears that the bill of sale embraced all the partnership property of the firm making it.   It is contended that the transfer appears upon the face of the instruments to have been fraudulent as against the creditors of Epstein & Hine.   This contention is founded upon the fact that the right is reserved to them to direct what claims shall have preference for the purpose of the payment of $750.   That would render it void as against such creditors if the transaction, as thus represented, was an assignment in trust for the benefit of the creditors of the parties who made such transfer.   (*Sheldon* v. *Dodge*, 4 Denio, 217.)   But the contract, as evidenced by the terms of these two instruments, does not necessarily require the construction that any such trust was created.   The question upon this proposition is not one of intent of the parties otherwise than as the interpretation of the language there used may require.   They may be construed to import an absolute sale at a stipulated price, to be paid in the manner therein provided.   And, in that view, the sum to be applied in satisfaction of the debt due the purchaser, and to be paid to other creditors of the firm, would constitute the consideration of the sale rather than an application of the proceeds of the property to their payment.   The $750 payable for the benefit of the firm, as it should direct, was a part of the measure of consideration, and if it had been payable directly to the firm, the effect would have been no different.   (*Dunham* v. *Whitehead*, 21 N. Y. 131; *Brown* v. *Guthrie*, 110 id. 435.)   It appears that Epstein & Hine owed the plaintiff the debt, which he agreed to cancel.   He was at liberty to purchase the property for the purpose of obtaining the payment of the debt due him, not-

withstanding the firm was insolvent. This the law permits a creditor to do. (*Dudley* v. *Danforth*, 61 N. Y. 626; *Auburn Exchange Bank* v. *Fitch*, 48 Barb. 344.) And when the sale is absolutely and in good faith made to him, no reason appears why the debtor may not as well direct payment of the surplus of the consideration by the purchaser upon his debts, or such debts as he may direct, as to take the money and pay it on them himself. (*Royer Wheel Co.* v. *Fielding*, 101 N. Y. 504.) But appearances do not always represent the intent of parties to transactions relating to the disposition of property when the rights of creditors of the parties making the transfer are involved. An assignment may be intended to create a trust, although it may not necessarily so appear by its terms. And in such case, as to creditors, it will, in its legal effect and consequences, be treated accordingly. (*Britton* v. *Lorenz*, 45 N. Y. 51; affirming, 3 Daly, 23.) Whether that was the nature of the transaction of transfer between Epstein & Hine and such plaintiff in this instance, was dependent upon the intent of the parties to it, which upon the evidence was properly a question of fact for the jury. With a view to that question, the defendant's counsel requested the court to charge the jury that if the firm was at the time insolvent, and by the bill of sale intended to make an assignment for the benefit of creditors, it was void, etc. The exception to the refusal was not well taken, because the request did not embrace, within its terms, any suggestion that the plaintiff Hine was in any sense in privity with Epstein & Hine in respect to such intent. This was essential, as the nature of the transfer did not rest wholly upon the instrument executed by the firm, but partly, at least, on that made by such plaintiff. And he could not be prejudiced by an intent on their part to create a trust, which the terms of the instrument did not import, unless he was in some manner chargeable with participation in the purpose to do so. Following that was another request to charge the jury that "no particular form is requisite to constitute an assignment for the benefit of creditors, and if the jury find that the instruments in question

were intended as a general assignment for the benefit of creditors, the jury must believe that they were intended to pass the entire property of an insolvent firm." This was refused and exception taken. When the rights of creditors of the assignor are involved the court will inquire into the intent of the parties to the transaction for the purpose of characterizing the transfer and its effect. But the court was in this instance required to submit to the jury a mere abstract proposition, unconnected with any suggestion giving it application to the case or to any question of fact requiring the consideration of the jury. As a rule, the court is not required to submit a mere abstract proposition to the jury. (*Moody* v. *Osgood*, 54 N. Y. 488.) The question for them was not whether or not any particular form was essential to such an assignment. The application of the proposition was dependent upon the finding that the instruments were intended as an assignment in trust for the benefit of creditors. The proper instruction to which the defendant would have been entitled, if requested, was substantially that the form of those instruments was not in the way of such construction and effect, if they so found the fact, and in that event they should so treat them and find for the defendant. The further request to charge that if the jury found that the firm did not part with the property absolutely, or if Epstein & Hine, or either of them, was to receive any substantial advantage or employment in consideration of the transfer, the defendant should have a verdict, requires no consideration, because it had been substantially charged by the court, and the repetition of the charge in that respect could not be required. The court had charged the jury that their verdict should be for the defendant if they found that Epstein & C. F. Hine, or either of them, had any interest in the property attempted to be transferred by them, after the execution of the instruments; and that if the transaction contained any device to cover up property for their benefit or to secure to them, directly or indirectly, any benefit, the transaction was fraudulent and the verdict should be for

the defendant. This seems to cover the subject of the last-mentioned request.

The defendant's counsel contends, that the conclusion was warranted that one or more of the debts which the purchaser undertook to pay, were the individual debts of one member of the firm, and that such question should have been submitted to the jury, and, as the consequence of their so finding, the transfer of the property would have been void as against the defendant. It is true that the creditors of an insolvent firm had the right to require that the partnership property be directed to the payment of the firm liabilities. (*Wilson* v. *Robertson*, 21 N. Y. 587; *Menagh* v. *Whitwell*, 52 id. 146.) The evidence does not fairly justify the inference that any portion of the consideration of the purchase, was by the agreement appropriated to the payment of any individual debt of one of the members of the firm of Epstein & Hine. So much of the debt due the plaintiff Hine as was originally that of Charles F. Hine, became the liability of the firm by virtue of the articles of partnership when the firm of Epstein & Hine was formed. And the reference in the plaintiff's agreement to a debt as one to be paid to Messrs. Elsen, was descriptive of a debt for which Epstein alone was primarily liable, as it was produced by a loan furnished to him, but the firm was liable as indorser to the holder of the paper which represented it. And while the firm was not liable to the Elsens, as between it and the holder, the debt may have been treated as that of the firm. And it seems to have been paid by the plaintiff Hine at the bank where the paper so indorsed was discounted. The manner in which the debt was described, did not qualify the relation of the firm as indorser to it. And the provision for its payment may be deemed as made to relieve the firm from its liability, which such relation permitted it to do.

In the view taken, no other question seems to require consideration.

The judgment should be affirmed.

All concur, except POTTER and VANN, JJ., dissenting.

Judgment affirmed.