WORK *et al. v.* BEACH.

(*Supreme Court, General Term, First Department.* March 13, 1891.)

1. ACTION ON CONTRACT—AGREEMENT TO PAY WHEN ABLE.
   In settlement of an action by plaintiffs against defendant and another for a balance due on a joint account of the latter, to which they had interposed a defense, and of an account between plaintiffs and defendant individually, on which a balance was due to him, the accounts were liquidated, and a balance against him was stated, which he promised to pay "when I shall be able to do so." *Held,* that an action for such balance was not an action on an account stated, but an action on the conditional promise of defendant, which promise was founded on a valuable consideration; and that, in order to recover, plaintiffs must show some change for the better in defendant's circumstances after the promise was made. Following 6 N. Y. Supp. 27.

2. SAME—EVIDENCE.
   The only evidence as to defendant's ability to pay was that, at the time of making the promise, and since then, he received a salary as judge, monthly, out of which he saved nothing; and it was not shown that in any respect his circumstances had improved. *Held,* that ability to pay, within the meaning of his promise, was not proved.

3. SAME—PAROL EVIDENCE.
   One of the letters written by defendant to plaintiffs, and relied on by them as containing the agreement between the parties, referred to defendant's promise to pay when able as "in accordance with our agreement on Saturday last." *Held,* that parol evidence tending to prove what was the entire agreement was admissible.

4. SAME.
   It being essential to plaintiffs' cause of action that they should show defendant's ability to pay, evidence was not admissible to show what he could have paid from his salary after defraying his personal expenses, or why he did not devote any portion of the difference between his salary and his individual expenses to pay plaintiffs' claim.

Appeal from special term, New York county.

Action by Frank Work, William E. Strong, George Wood, and Frank K. Sturgis against Miles Beach. Defendant and one Marston had a joint account with plaintiffs, who were stock-brokers, arising out of purchases of stocks for them by plaintiffs, and defendant had also an individual account with plaintiffs of the same nature. Plaintiffs brought an action against defendant and Marston on such joint account, alleging that they had advanced more money thereon than the value of the securities held by them. Defendant and Marston appeared in the action, and contested their liability. Pending the action, the plaintiff Sturgis and defendant had an interview, in which, after defendant had explained his embarrassed financial condition, Sturgis proposed that, if defendant would authorize plaintiffs in writing to sell the securities held by them in both the accounts, and consolidate the two into one account, and would then in writing admit the correctness of the debit balance on that account, and agree individually to pay that balance when he should be able to do so, plaintiffs would discontinue the action on the joint account, would sell the securities, and consolidate the accounts, and would allow the consolidated account to stand until defendant should be able to pay such balance. At this time the securities held by plaintiffs on defendant's individual account were worth much more than the amount due to plaintiffs on that account. As a result of the interview, defendant wrote to plaintiffs a letter, saying: "It is my wish that you should sell, when favorable opportunity offers, the fol-

lowing securities in my accounts;" and, after specifying the securities, continued as follows: "When this is done, please consolidate my two accounts into the one standing in my own name, and let me have a statement of my indebtedness to your firm. I will then write a letter to you, stating my obligations to pay this sum when I can do so, in accordance with our agreement on Saturday last." This letter was drafted by Sturgis, and was copied and signed by defendant as drafted, except that defendant added the final clause, "in accordance with our agreement on Saturday last." Plaintiffs sold the securities, and sent defendant a final statement of his account, showing the amount due them as $14,570.68; and in their letter to him inclosing this statement, wrote: "Will you now, as formerly agreed, write to us a letter stating your liability for this debit balance, joining with it an assurance that when able you will discharge the debt? We beg to add that we will be glad to listen to any proposition looking to a final adjustment of the account." Some 10 days later plaintiffs again wrote to defendant: "We are without any reply from you to our letter of recent date. Will you kindly write to us, as previously agreed, and state the facts of the terms on which our financial relations now stand?" To this defendant replied: "I have received your final statement of account, showing balance your due, in accordance with our agreement. To further complete compliance, I write to say that I will pay such balance when I shall be able to do so." Nearly three years thereafter plaintiffs made a demand on defendant for payment, and, no payment being made, brought this action. The original complaint contained no averment that defendant was then able to pay, and a demurrer thereto was sustained. See former decision, 6 N.Y. Supp. 27. The complaint was amended, and, on trial by the court, a jury having been waived, it appeared that defendant, at the time the promise to pay was given, and continuously since that time, received a salary as judge of $1,250 per month, out of which he saved nothing. Judgment was rendered for defendant, dismissing the complaint. See decision, 12 N. Y. Supp. 12. From this judgment plaintiffs appeal.

Argued before VAN BRUNT, P. J., and DANIELS and O'BRIEN, JJ.

*Henry S. Bennett,* for appellants. *Augustus C. Brown,* for respondent.

O'BRIEN, J. The appellants claim that it was error upon the part of the trial judge to assume that the promise made by the defendant is the cause of action, and insist that the pleadings and the proof, show it to be an action upon an account stated and settled. This precise question was presented upon a former appeal in this case, (6 N. Y. Supp. 27,) and it was held by this court, upon an examination then of the complaint, as it now more clearly is made to appear by the proof offered upon the trial to sustain the allegations of the amended complaint, "that the original debt was discharged and a new obligation created, and that the promise to pay ' when able to do so,' upon which this action is founded, was conditional; and that, to entitle the plaintiffs to recover thereon, they must plead and prove the fact of such ability." Upon the lines thus indicated the learned trial judge proceeded with the trial, and correctly ruled that plaintiffs were not entitled to judgment upon the pleadings as upon an account stated, settled, and admitted; and in an opinion remarkable for its force and clearness he points out the error into which the plaintiffs seem to have fallen "in completely ignoring the valuable consideration which upon the settlement the plaintiffs received from the defendant for their acceptance of this very conditional promise." We might well be content to allow this appeal to stand upon the decision and opinion of the learned trial judge, who, in our judgment, correctly disposed of every question presented. It would be useless to go over the ground traversed by him, and discuss the principles laid down in the cases cited in support of his rulings, and which, with a single exception, included all the decisions that could be found, both American and English, bearing upon the issues between the parties.

This exception (the case of *Tebo* v. *Robinson*, 100 N. Y. 29, 2 N. E. Rep. 383) seems formerly to have been overlooked by counsel, for it was not called to the attention of this court upon the former appeal, nor to the attention of the judge upon the trial. The course of reasoning pursued by the latter is nevertheless directly in the line taken by the court of appeals in *Tebo* v. *Robinson*, *supra*, which thus becomes an argument and an authority to support the judgment rendered. The action of *Tebo* v. *Robinson* was brought upon a promise contained in a letter written by defendant to plaintiff in October, 1872. Of so much of the letter as is material the following is a copy: "You will find inclosed one hundred dollars, with interest, which you so kindly loaned me one year ago; and I hope and trust that I shall shortly be able to inclose you one thousand dollars, which you also kindly loaned me, hoping at the same time you may have no need of it until such time as I shall be able to pay it; and you may rest assured you shall have the money the moment I am able to pay it." The complaint averred ability to pay prior to the commencement of the suit. This was not denied in the answer. The sole defense set up in the answer was the statute of limitations. In writing the opinion of the court, ANDREWS, J., says: "The cause of action on this promise accrued as soon as the defendant had the pecuniary ability to pay his debt. Proof that the defendant at a particular time, subsequent to October 19, 1872, had property equal to or greater than the amount of the plaintiff's debt, would not conclusively show that he was able to pay the debt within the meaning of the promise so as to give a right of action. This fact might be consistent with utter insolvency on the part of the defendant, or the property might be of such a character that to deprive him of it would take away his means of livelihood as effectually as depriving a mechanic of his tools would deprive him of means of support. A promise to pay when able is to be reasonably interpreted. On the one hand, it does not imply ability to pay without embarrassment, or even without crippling the debtor's resources or business; while, on the other hand, ability to pay cannot be fairly implied while the debtor, although he may be in possession of property sufficient to pay the particular debt, is plainly insolvent, or when payment, if enforced, would strip him of his means of support. The creditor or a promisee of this kind, reposes very much on the good faith of the promisor. He generally relies upon the debtor's making known any change in his pecuniary circumstances which enables him to pay the debt, although there is no duty of voluntary disclosure. It is not contemplated by the parties that the debtor will pay the debt out of earnings necessary for the support of himself or his family, or that he will pay the particular debt to the prejudice of other creditors whose debts are absolute and unconditional." In language of similar import Mr. Justice BARRETT in this case says: "What is here meant by 'ability to pay?' * * * It may fairly be deduced from the cases that the plaintiffs were bound to prove the defendant's ability to pay at the commencement of the action, and that such ability could be shown by circumstances as well as by direct evidence. Beyond this there is no fixed rule. Each case must depend upon the terms of the contract, read in the light of the surrounding circumstances. Substantial proof of ability within the intent and meaning of the parties must be given; and, although that proof may, in the nature of things, be difficult, it is none the less requisite. By taking a conditional obligation—the condition itself being founded upon a valuable consideration—the obligee accepts the burden imposed upon him of establishing the fulfillment of the condition before he can recover. * * * The understanding undoubtedly was that the defendant should be required to pay only when his circumstances were changed for the better, either by an acquisition of fortune or a decrease of obligation." 12 N. Y. Supp. 16. It was therefore correctly ruled that it was incumbent on plaintiffs to show some change for the better in defendant's circumstances at a period subsequent to the time when the promise was given. Such a con-

struction, finding support, as it does, both upon principle and authority, was given to the contract between the parties upon the trial. No evidence was presented to warrant the conclusion that defendant's circumstances had improved, or showing his ability to pay. He was in receipt of his salary as judge when the contract was made. He received it then, as now, monthly; and the testimony shows that out of it he saved nothing. It is useless to speculate as to what defendant could or should have done; the question being, did the plaintiffs prove defendant's ability to respond within the meaning of the contract? The conclusion reached was justified by the proof.

Assuming, however, that the principles of law were correctly applied, it is claimed that the court erred in permitting the introduction and giving effect to evidence varying the written contract as set forth in the letters, by allowing, after objection, the introduction of the complaint in the original action by plaintiffs on the joint account, and by incorporating in the fifth finding the conversation between the parties as evidence of what the agreement was; thus modifying, as claimed, the letters which the parties wrote, and in which they intended to express the agreement which they made. In other words, the claim is that the court thus interpolated the conversation which led to the original agreement into the agreement itself. In answer to this objection it is only necessary to remember that in the letter of December 15, 1884, written by the defendant to the plaintiffs, in which he directs them to sell the securities mentioned in the letter, he thus concludes: "When this is done, * * * I will then write a letter to you, stating my obligation to pay this sum when I can do so, in accordance with our agreement on Saturday last." It will thus be seen that in the letter itself, which is one of the letters referred to by the appellants as containing the agreement between the parties, it would appear that the agreement itself was made on that Saturday; that the letters did not embody the entire contract, and this justified the reception of evidence tending to prove what was the entire agreement. The effect of the construction given to the agreement by the judge necessarily resulted in excluding testimony offered by the plaintiffs tending to show how much the defendant could have paid, if anything, less his personal expenses, and as to whether he was not during that period able to save sufficient from his salary to pay any portion of the claim, and why he did not devote any portion of the difference between his individual expenses and the amount of his salary to pay this obligation. As already said, what he might, could, or should have done was not the question at issue. By the agreement between the parties it was an essential part of plaintiffs' cause of action to show ability to pay. · Therefore, after a careful examination of the case and exceptions, we are of opinion that no error was committed justifying a reversal, and that the judgment should be affirmed, with costs and disbursements. All concur.