(11 Misc. Rep. 626.)

BLODGETT v. HALL.

(City Court of New York, General Term. March 19, 1895.)

CONTRACTS—INTERPRETATION—CONDITIONAL PROMISE.

Defendant, who had been appointed receiver of a corporation by which plaintiff was employed, retained plaintiff at a smaller salary than was paid by the corporation, and promised to be personally responsible for the balance as soon as he got the affairs of the company straightened up. *Held*, that such promise was conditional, and plaintiff could not recover without showing that defendant had got the affairs of the company straightened up.

Appeal from trial term.

Action by Henry T. Blodgett against James T. Hall. From a judgment entered on a verdict in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. Reversed.

Argued before EHRLICH, C. J., and VAN WYCK and BEWBURGER, JJ.

Samson Lachman, for appellant.

Maurice Meyer, for respondent.

VAN WYCK, J.   The defendant herein was, prior to October 11, 1893, the vice president of the Hall Company, a corporation, while the plaintiff herein was at that time employed by such company under a written contract for the term of two years from January 1, 1893, at the annual salary of $4,160, payable in weekly installments of $80, and was also to receive 33 per cent. of the net profits realized on business induced by him, less the amount of such annual salary. This defendant was, on that October day, appointed by the court of common pleas the receiver of such corporation, and as such receiver he was authorized by the court to execute certain uncompleted contracts, and the plaintiff thereafter looked after the completion of certain of these contracts.   The plaintiff's alleged cause of action is for services performed by him for defendant at his request, and for which he promised to pay $30 per week, and to substantiate which plaintiff testified that defendant had called him into the office, and said to him "that the company had gone into the hands of a receiver; that he had been appointed such receiver on that day, and that he could not afford, as such receiver, to pay me the salary of $80 per week, and added that he would pay me $50 per week, and he would hold himself personally responsible for the extra $30, as he thought that, as soon as he could arrange matters, that the business would go on, and that he wanted me to remain under the terms of the old contract; that he would hold himself responsible for that $30; that he could not afford to pay me a salary of $80 per week; that he would be questioned if he did so as receiver, but that he would pay me $50 per week, and hold himself personally responsible for the payment of the other $30; as soon as he got his affairs straightened up with the company, if he could not pay me before, he would pay me then,—as soon as he got the company's affairs straightened up."   The plaintiff further testified that he continued to perform services under this arrangement for 15 weeks, and then sought and obtained employment elsewhere, and that during such 15 weeks he was regularly paid $50 per week by the defendant as receiver of the Hall Company.   The defendant's (appellant's) contention was at trial, and is here, that this proof by plaintiff showed that defendant's promise to pay this $30 extra per week was not an absolute promise, enforceable by action to recover this $30 at the end of each week of service, but was a conditional promise, and that plaintiff had made no proof that the condition on which it was rendered dependent had ever been performed, in that he made no effort to prove that defendant had got the company's affairs or his affairs with the company straightened up, or that there had been any subsequent improvement in the condition of the affairs of the company or the defendant.   It is certain that the defendant's promise, as shown by plaintiff's proof, was not an absolute and unconditional promise to pay $30 extra each and every week of service, and this much is conceded by respondent's counsel; but he insists that "the expression 'straightened up' is so vague and indefinite that its meaning cannot be readily determined without explanation."   But, even so, who but the plaintiff was called upon to give the explanation, as

he was then making out his case?    And counsel, continuing, says: "But, even if it could be determined that by this expression was meant a state of facts which would constitute a bar to the action as being prematurely brought, that would be an affirmative defense, to be shown by defendant, and not a condition precedent, to be proved by plaintiff to entitle him to recover."    However, both inquiries, the one as to whether the condition is too vague and indefinite, and the other whether it is a condition precedent, must be answered by the same rules of interpretation.    Whether a provision shall have the effect of a condition on which a promise to pay is rendered dependent is often a question of much difficulty, and the decision of the question must depend upon the intention of the parties, to be collected, in each particular case, from the terms of the agreement itself and from the subject-matter to which it relates, and on the reason and sense of the thing, as it can be collected from whatever constitutes the agreement sought to be enforced, and such a condition must be some provision which cannot be severed from the agreement, and leave it, within a fair interpretation, as the contract of the parties.    These parties sought to attain and carry into effect a certain purpose and object.    The defendant was an officer, and the plaintiff an employé, of the same corporation, which had become embarrassed financially, and was in the hands of a receiver, and they both had an interest in having the affairs of the corporation straightened up,—the plaintiff because he had a contract with more than a year to run, under which he drew $4,000 per year in weekly installments of $80, and was entitled to 33 per cent. of certain net profits; and the defendant because he was the president and a stockholder, and had been appointed the receiver of the same.    It was their common desire that they should lend their best efforts, in their respective relations to the company, in bringing the corporation out of its financial difficulties, and this was their purpose and object.    The plaintiff says that the defendant told him that as soon as he could arrange matters the business would go on, and that he wanted him to continue his employment and services under the old contract (meaning of course his unexpired written contract with the company), but that he (defendant) could not as receiver afford to pay him the salary of $80 per week, but that he would as such receiver pay him $50 per week, and hold himself personally responsible for the payment of the other $30 per week, as soon as he got the company's affairs, and his affairs with the company, straightened up.    "As soon as" means immediately at or after another event; hence the promise to pay plaintiff an additional salary, at the rate of $30 per week, as soon as he got the company's affairs or his affairs with the company straightened up, was dependent upon another event.    Strictly speaking, to straighten up an insolvent's affairs is to bring him from a stress of poverty to a state of prosperity, and to straighten up the affairs of an insolvent corporation, whose entire assets have passed into the hands of a receiver, is to bring back its corporate life, which has been suspended during the receivership, and thus its matters become so arranged that its business can be carried on in its

corporate name and under its franchise, and it becomes again an artificial being with legal life, although its financial condition may be so unhealthy as to make its life a burden to the stockholders. The defendant's promise to pay under this agreement was certainly not enforceable by action until the company had regained corporate authority to carry on business, or defendant's affairs with the company had been straightened up; and plaintiff made no proof of the happening of either event, or that there had been any improvement or any change whatever of the company's affairs, or of defendant's affairs with the company, subsequent to the promise to pay. The nonsuit was sought upon the grounds that the plaintiff had failed to prove the alleged or any cause of action, or that the condition on which the promise to pay was rendered defendant had been performed. The rule is that, where a promisor obligates himself to pay "when able to do so," the promise is conditional, and, to entitle the promisee to recover thereon, he must plead and prove the fact of such ability. Work v. Beach (Sup.) 12 N. Y. Supp. 12, affirmed in 13 N. Y. Supp. 678. And so, too, where the promise is to pay "the moment he was able." Tebo v. Robinson, 100 N. Y. 27, 2 N. E. 383. And see Wakeman v. Sherman, 9 N. Y. 85, where the promise was "that at the end of one year, if successful in business, he would commence paying"; held a condition precedent, and that plaintiff should have been nonsuited, because no evidence had been given to show the result of the year's business succeeding the promise. The judgment and order appealed from are reversed, with costs to appellant, to abide the event. All concur.