ELLEN BERRY, APPELLANT, V. CALVIN BERK ET AL., AP- PELLEES.

FILED SEPTEMBER 18, 1901.   No. 10,069.

1. Evidence: FINDING: JUDGMENT. Evidence examined, and *held* sufficient to support the findings and judgment of the trial court.

2. A Mortgage for a Bona-Fide Debt to A Is Not Fraudulent Because It Covers a Debt to B Assumed by A. When a mortgage on real

estate is given in good faith to secure an actual and bona-fide indebtedness due from the mortgagor to the mortgagee, the mortgage is not rendered fraudulent *per se* as to other creditors of the mortgagor because there is included in the transaction a debt due another creditor which the mortgagee verbally or in writing agrees to pay from the proceeds of the mortgaged property.

3. **Good Faith Is the Question.** The true inquiry is whether the mortgage was given in good faith to secure an actual and bona-fide indebtedness owing by the mortgagor.

APPEAL from the district court for Lancaster county. Heard below before HOLMES, J. *Affirmed.*

*Morning & Berge,* for appellant.

*Fritz Westermann* and *Stevens & Cochran, contra.*

HOLCOMB, J.

The appellant, plaintiff below, brought an action in the nature of a creditor's bill for the purpose of setting aside an alleged fraudulent mortgage by the debtor in favor of the defendant Vanburg, on certain real estate therein described and to subject the same to sale for the purpose of satisfaction of a judgment in plaintiff's favor and against the mortgagor and judgment debtor.

The questions involved in the controversy are primarily questions of fact and the conclusions reached by the trial court can not be rightfully disturbed unless clearly wrong and unsupported by sufficient competent evidence. During the pendency of plaintiff's action, in which the judgment was obtained which forms the basis of the present action, the debtor executed a mortgage in favor of the defendant Vanburg to secure the payment of the sum of $600 due in five years from date and evidenced by the promissory note of the mortgagor.

The evidence is altogether satisfactory on the point that, at the time, there existed a bona-fide indebtedness in favor of Vanburg from the mortgagor for about $290 for money paid by him on an obligation on which he was lia-

ble as surety of the mortgagor, the principal debtor, and that as to this amount the mortgage was taken in good faith to secure the payment of the debt thus created at the time stated. As to the remainder of the consideration, it is testified that the mortgagor was indebted to one Offer, a brother-in-law, in the sum of about $400, and the note and mortgage was given to Vanburg to secure his individual indebtedness as aforesaid and such part of the Offer indebtedness as could be realized from a sale of the premises over and above the amount required to satisfy the debt, interest and costs in favor of Vanburg. While there is some controversy as to the existence of the debt alleged to be owing Offer, the brother-in-law of the mortgagor, and whether the mortgage was given in good faith to secure the same in so far as it would, after the satisfaction of the indebtedness due the mortgagee, we are not prepared to say that the finding of the trial court in favor of the good faith of the parties to the transaction is not supported by sufficient evidence.

The judgment, in our opinion, should not be disturbed on the ground that the findings of the trial court are not supported by the evidence. It is urged that as a matter of law the mortgage should be held to be fraudulent and void as against the plaintiff because of the secret trust in favor of Offer and the agreement by the parties to pay him the proceeds of the sale of the property over and above an amount sufficient to pay the indebtedness in favor of Vanburg. Jones on Mortgages [5th ed.], sec. 627, states the law as follows: "If given to secure existing liabilities, a mortgage is not void as to creditors because it does not specify the amount secured; or that it includes debts due to other persons which the mortgagee has verbally promised to pay." Says the supreme court of New York in *Carpenter v. Muren,* 42 Barb., 300-3: "Including in the mortgage debts due or alleged to be due to others, the mortgagee at the same time giving her parol undertaking, will not of itself make the mortgage fraudulent *per se.* In connection with other circumstances, this fact

might· be some evidence of a fraudulent intention, but · nothing more." See, also, 14 Am. & Eng. Ency. of Law [2d ed.], p. 236; *Hine v. Bowe,* 114 N. Y., 350; *Chipman v. Stern,* 89 Ala., 207; *Randolph v. Allen,* 73 Fed. Rep., 23; *Adams v. Ryan,* 61 Ia., 733. The consideration of prime importance is whether the mortgage was given in good faith to secure an actual and bona-fide indebtedness, and it occurs to us there can in sound reason be no legal objection to including in the mortgage the indebtedness, if bona fide, of another creditor than the mortgagee whose indebtedness is also secured. By yoking himself to the brother-in-law of the mortgagor, the mortgagee subjected himself to the rules applicable to transactions between relatives which have the effect of hindering, delaying, or defrauding creditors, and casts on him a greater burden in sustaining the bona fides of the transaction than he otherwise would have had to bear; but in this case, as found by the trial court, the entire transaction was free from fraud and had in good faith, and with the findings and judgment we observe no legal grounds for interference.

The judgment is therefore                    .

AFFIRMED.

SULLIVAN, J., absent, not voting.