KOSTER v. LAFAYETTE TRUST CO.

(Supreme Court, Appellate Division, Second Department. November 17, 1911.)

1. CORPORATIONS (§ 309*)—ADVANCES BY DIRECTORS—CONTRACT.
    Where directors of a corporation, after it had gone into a temporary receivership, made loans to enable the company to resume business, and entered into a written agreement for repayment, and paid the contributions to the company at the same time the agreement was delivered to

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

it, the loans, the agreement, and the payment of the contribution were to be regarded as the contract.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1366–1373; Dec. Dig. § 309.*]

2. CORPORATIONS (§ 319*)—LOANS BY DIRECTORS—CONTRACT—CONDITION PRECEDENT.

After a trust company had been put into a temporary receivership, a director loaned money for the use of the company upon an agreement that the loan should mature and become payable whenever the surplus of the company should exceed the sum of $150,000. *Held*, that the provision as to the company's surplus was a condition precedent to its liability, and that, where performance of such condition was not shown, there could be no recovery by a director or his assignee.

[Ed. Note.—For other cases, see Corporations, Dec. Dig. § 319.*]

Appeal from Trial Term, Kings County.

Action by Arthur J. Koster against the Lafayette Trust Company. From a judgment dismissing the complaint on the merits, plaintiff appeals. Affirmed.

Argued before JENKS, P. J., and THOMAS, CARR, WOODWARD, and RICH, JJ.

Joseph M. Gazzam (Edward M. Grout, on the brief), for appellant. Roswell S. Nichols, for respondent.

JENKS, P. J. The plaintiff appeals from a judgment that dismisses his complaint on the merits. On October 25, 1907, a temporary receiver in an action for a dissolution of the defendant took possession of its property. On or about April 15, 1908, certain of the directors furnished moneys for the use of the defendant, and an agreement in writing was entered into by them with the defendant. The essential parts of the agreement are as follows:

"Whereas, the said trust company closed its doors as a banking institution on or about the twenty-fifth day of October, 1907, and

"Whereas, many of the directors at that time were and now are directors of said institution, and

"Whereas, the directors are anxious that said institution should resume business, and that the receiver appointed by the Supreme Court for said institution should be removed, and said institution fully rehabilitated:

"Now, in consideration of the sum of one dollar to each of the directors in hand paid by the trust company, the receipt of which is hereby acknowledged, and in consideration of the performance of the covenants and agreements herein contained, the parties hereto agree as follows:

"The directors will loan to the trust company the various sums of money hereinafter written after the names of the individuals composing the parties of the first part, and aggregating the sum of one hundred thousand dollars.

"It is further agreed between the parties hereto that said loan shall mature and become payable as follows, and not otherwise, namely, whenever the surplus of said trust company shall exceed the sum of one hundred fifty thousand dollars, such excess shall be applied to the repayment of said loan, but no such application of excess over such one hundred fifty thousand dollars surplus shall be made upon such loan, except in periods of six months each after the date hereof and a lapse of six months between such payments.

"That the loan hereby made by the directors to the trust company shall bear interest at the rate of 4 per cent. per annum.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

"In witness whereof, the parties hereto have hereunto set their hands and seals the day and year first above written."

Thereupon follows the individual names, with the amount chargeable to each name.

On April 15, 1908, the temporary receiver was discharged, and the said action for dissolution was discontinued. On or about November 30, 1908, the Superintendent of Banks, pursuant to section 19 of the banking law (Consol. Laws 1909, c. 2), took possession of the property and business of the defendant for purposes of liquidation, and that possession has been continuous and exists. The plaintiff, who is the assignee of one of the said directors, sues to recover the amount of money furnished by that director.

The question litigated was whether that money was due and owing, I think that this question turns upon the interpretation of the said agreement, for it is undisputed that the surplus referred to therein never at any time since April 15, 1908, equaled or exceeded the sum of $150,000. The contention of the defendant was that the provision for repayment imposed a condition precedent, which was the existence of such surplus. The contention of the plaintiff must now be considered.

It is urged that the agreement did not "create the debt," but that it was created independently by the loan. The learned counsel for the appellant says that it is apparent that the debt would have existed by reason of the fact of the loan, even if no agreement had been executed, and that it is also apparent that the mere execution of the agreement, if in fact the loan had already been made, would not have created a debt. These propositions may be admitted, but their application must be denied; for to my mind the loan and the agreement are articulated. He who runs may read that the agreement relates to the transaction. And it is practically contemporaneous with the loan. I think that the loan was not completed when the money was paid in to the "resumption committee," and deposited by it to its credit. This committee was simply appointed by the directors from their number in furtherance of the scheme of resumption. Its function seems to have been to take the fund contributed in charge, in order to pay it over to the defendant. It is of no moment that the checks given by the directors antedated the agreement and the execution thereof. The agreement itself reads that the directors "will loan," and Mr. Davidson, an officer of the defendant, testifies that his recollection is that the agreement was delivered to him at the same time the money was turned over to him. In fine, the proposed loan was not to a committee of the lenders, but to the defendant, and the facts show that the committee was but a medium for collection and transmission at the proper time.

[1] The contribution and the agreement and the payment of the contribution to the defendant should be regarded as the contract. See Hine v. Bowe, 114 N. Y. 350, 21 N. E. 733; Rogers v. Smith, 47 N. Y. 324; Joyce on Defenses to Commercial Paper, § 310, and cases cited.

I cannot see, as urged, that the defendant's contention necessarily involves the proposition of gift. The money was not contributed as a benefaction, without provision of any kind for return or reward therefor. The agreement shows that there was a promise to return the money with interest, which is "one among the ordinary indications of a loan." Nichols v. Fearson, 7 Pet. 110, 8 L. Ed. 623. The learned counsel uses the expression "debt" as the alternative to "gift," but it does not follow that, if there was not a gift, there must be a debt. There may be a loan that has not merged into debt, in that it is not due by the contract.

[2] It is well recognized that:

"A contract or debt may be limited to payment out of a special fund, making the raising and sufficiency of the fund a condition precedent to the liability, in which case the promiser would not become absolutely liable unless the fund failed through his own default." Leake on Contracts, p. 446.

See Wakeman v. Sherman, 9 N. Y. 85–92; Lorillard v. Silver, 36 N. Y. 578; Tebo v. Robinson, 100 N. Y. 27, 2 N. E. 383; Scouton v. Eislord, 7 Johns. 36; Tyng v. U. S. Submarine Co., 1 Hun, 166; Murray v. Baker, 6 Hun, 264.

The contention is also made that the debt was absolute, not contingent. To my mind the purpose of the transaction is patent. These directors, naturally interested and as stockholders pecuniarily interested, wished to continue the corporate life of an institution almost moribund. Their scheme was to furnish money necessary for revival, not as a mere gift or benefaction, but to be repaid with interest, so far as was consistent with the condition of affairs. But if the money was to be repaid absolutely, and at all events, the loan by as much as it increased the assets likewise increased the liabilities. The whole scheme would be but a mockery, and none would be deceived by it. On the other hand, a repayment made conditional upon a surplus deferred the liability until prosperity would come, and so was an assurance. The receiver might be discharged, a winding-up averted, and with restored credit the corporation might continue its business life.

It is urged that this provision for payment is not a condition, but a mere indication of the time and mode of payment of a positive obligation. As I have said, I cannot take this view of the agreement. The very expression of the provision for payment in itself is cogent and convincing to the contrary. It reads:

"It is further agreed between the parties hereto that said loan shall mature and become payable as follows, and not otherwise, namely, whenever the surplus of said trust company shall exceed the sum of one hundred fifty thousand dollars."

The industry of counsel cites us to many authorities. These judgments naturally turn on the peculiar language of the various agreements as interpreted by the germane circumstances of each case. Examination reveals that they may be classified as presenting an obligation, a liability incurred and existing, or the feature that the party could of his own volition make it entirely optional whether he should make payment, or that the party by his own default or neglect had

prevented the performance of the condition. In such cases courts have often been astute to deny the existence of a condition precedent, but there are not any features which would lead us to such a denial here.

In the language of Best, Ch. J., quoted in Tompkins v. Brown, 1 Denio, 247, such a promise, "if relied on, must be taken subject to the condition." The plaintiff failed to establish the condition, or that the defendant was liable for the prevention of its performance, and so the judgment went properly against him. Authorities supra, and Oakley v. Morton, 11 N. Y. 25, 36, 62 Am. Dec. 49.

The judgment is affirmed, with costs. All concur.