BROOKLYN RADIO SERVICE CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 61229. Promulgated October 9, 1934.

*Philip A. Brenner, C.P.A.*, for the petitioner.
*Frank M. Thompson, Esq.*, for the respondent.

OPINION.

MURDOCK: The petitioner in this proceeding contends that a deficiency of $3,664.55 for the calendar year 1929 was improperly determined. The Commissioner admits that he erred in disallowing a deduction of $3,300 representing accounting fees. The only issue submitted to the Board is whether or not the petitioner incurred a liability in 1929 to pay its president as part of his salary 2 percent of

its net sales so that the amount was an ordinary and necessary expense incurred in that year. No question of the reasonableness of compensation is raised. The material facts were stipulated.

The petitioner kept its books on an accrual basis. Its board of directors passed the following resolution on December 28, 1928:

Resolved: that Mr. Benjamin Ginsberg, the President of this Corporation receive a salary for the year 1929 the sum of Twelve Thousand Dollars ($12,000), payable $1,000 per month, plus 2% of the net sales for the year 1929, with the understanding however, that such 2% of the net sales be not paid to him as long as the corporation is indebted to Finance Companies on account of its own insufficiency of working capital or to any banks, and in no event until after January 1, 1930, and with the further understanding that said 2% of the net sales to be due to Benjamin Ginsberg be subordinated by him to the indebtedness to all other creditors of this corporation.

Two percent of net sales for 1929 amounted to $33,757.61. The record is silent as to any accrual of this amount. Eight thousand three hundred and twenty dollars was drawn in cash by the president in 1929 and on the accounts receivable ledger he was charged in that year with $3,736.77 representing merchandise and payments for his account. The $3,736.77 was charged in 1930 against the balance due the president for 1929 salary. The balance sheet of the petitioner for the close of the year 1929 shows, *inter alia:*

| | |
|---|---|
| Notes payable | $40,780.97 |
| Accounts payable | 250,916.77 |
| Due finance companies | 251,145.28 |
| Notes receivable discounted | 7,261.57 |
| Capital | 122,800.00 |
| Surplus | 30,694.16 |

The petitioner, on its return for 1929, claimed a deduction for salaries including $37,854.28 as salary of its president. The Commissioner allowed $12,000 of that amount and in disallowing the balance of $25,854.28 explained that under the resolution of December 28, 1928, the 2 percent of net sales was only a contingent liability which was not to be paid in 1929 and might never be paid because the corporation might always be indebted to finance companies and banks on account of its own lack of working capital. The Commissioner filed no brief.

A deduction in a case like this is proper for the year in which events occur which fix the amount and determine the liability of the taxpayer to pay that amount. *United States* v. *Anderson,* 269 U.S. 422. Clearly the amount was definitely fixed in 1929, being 2 percent of net sales for that year, or $33,757.61. Why that amount was not claimed on the return is not shown. But the Commissioner has made no point of the absence of evidence of how the $33,757.61 was treated on the taxpayer's books. Cf. *Savinar Co.,* 9 B.T.A. 465. His whole point is that in 1929 this amount represented only a con-

tingent liability. *Sunburst Oil & Refining Co.*, 23 B.T.A. 829. Contingent liabilities are not deductible. *Lucas* v. *American Code Co.*, 280 U.S. 445. The amount here in question, however, was not a contingent liability in 1929. The time of payment was uncertain, but that fact does not delay an accrual for income tax purposes. *Perkins Land & Lumber Co.*, 9 B.T.A. 528; *Oliver H. Van Horn Co.*, 9 B.T.A. 76; *Automobile Insurance Co. of Hartford*, 72 Fed. (2d) 265. The liability to pay $33,757.61 at some future time was definitely determined in 1929. Other indebtedness of the corporation were to have priority over this one as to payment, but it was still a definite obligation of the corporation which would have to be paid before the assets of the corporation could be distributed to the stockholders. Payments of salaries in capital stock have been held to be deductible when made, *Haskell & Barker Car Co.*, 9 B.T.A. 1087; *Commercial Investment Trust Corp.*, 28 B.T.A. 143; *Package Machinery Co.*, 28 B.T.A. 980; *W. M. Ritter Lumber Co.*, 30 B.T.A. 231, 274, yet the creditor in this case would receive payment before any stockholder would receive a distribution of capital. Subsequent insolvency of the debtor alone could prevent the creditor from demanding payment eventually. The year 1929 was the proper year for accrual of this liability, which was an expense incurred in and properly attributable to the earning of income for that year. *United States* v. *Anderson, supra; American National Co.* v. *United States*, 274 U.S. 99.

Reviewed by the Board.

*Decision will be entered under Rule 50.*

---

BLACK, dissenting: The amount of 2 percent commission on annual sales to the president of the corporation, allowed as a deduction of accrued expense to the corporation by the majority opinion, was not payable by the corporation, (1) as long as the corporation was indebted to finance companies on account of its own insufficiency of working capital, (2) as long as the corporation was indebted to any bank. And with the further understanding that " said 2% of the net sales to be due to Benjamin Ginsberg be subordinated by him to the indebtedness to all other creditors of this corporation." This latter condition I do not think destroys its accruability. The mere fact that certain other creditors of the debtor are granted priorities of payment does not affect accruability if the obligation to pay is *definite* and *certain*. *Automobile Ins. Co. of Hartford*, 72 Fed. (2d) 265. But I doubt if any expense liability is accruable within the taxable year and can be used as a deduction from income of that year, which has so many contingencies as to its future payment as are embodied in conditions (1) and (2). Of course it will be

readily admitted that where the liability to pay is *definite* and *certain*, the mere fact that the time of payment is postponed does not make any difference, such for example, as payment due in two years from the date of the obligation, but in the instant case I am impressed that there is merit in the Commissioner's contention that "the 2 percent of net sales was only a contingent liability which was not to be paid in 1929 and might never be paid because the corporation might always be indebted to finance companies and banks on account of its own lack of working capital."

Under these circumstances, I believe that the conditions attached in (1) and (2) to the agreement for payment of the additional compensation are conditions precedent to the fixing of liability. If the liability does not become fixed until the specified event or events occur, it is contingent. "Except as otherwise specifically provided by statute, a liability does not accrue as long as it remains contingent." *Brown* v. *Commissioner*, 291 U.S. 193. Whether the condition is one precedent, is a question to be determined by the intent of the parties, which is to be gathered from the contract and the facts, circumstances, and conditions under which it is executed and the situation it is intended to meet. *Rannels* v. *Rowe*, 145 Fed. 296; *Ketchum* v. *Belding*, 68 N.Y.S. 1099; *Blodgett* v. *Hall*, 32 N.Y.S. 788.

It appears to me that the most reasonable construction of the resolution of the corporation set out in the findings of fact is that it expresses an intent that the additional compensation shall become due and payable to this petitioner only if and when the corporate finances are so improved that it has become possible to retire finance company and bank loans in very large amounts.

The case of *Blodgett* v. *Hall, supra*, is one resting on facts very similar to the present case. There the defendant, who was the receiver for the business, employed the plaintiff at a specified weekly salary which was duly paid him and agreed to pay him an additional amount for each week's service, this latter amount to be payable "as soon as the affairs of the company are straightened up." The services called for were duly rendered and the amount of the deferred salary was definitely fixed, but on a suit to recover this amount the court held that it was incumbent upon plaintiff to both allege and prove the occurrence of the event of the straightening up of the affairs of the company, as this condition was one precedent to the fixing of the liability.

The court, in discussing the rule which governs in such a situation, said:

The rule is that, where a promisor obligates himself to pay "when able to do so", the promise is conditional, and, to entitle the promisee to recover thereon, he must plead and prove the fact of such ability. *Work* v. *Beach* (Sup.) 12 N.Y. Supp. 12, affirmed in 13 N.Y. Supp. 678. And so, too, where the promise is to pay "the moment he was able." *Tebo* v. *Robinson*, 100 N.Y.

27, 2 N.E. 383. And see *Wakeman* v. *Sherman*, 9 N.Y. 85, where the promise was "that at the end of one year, if successful in business, he would commence paying"; held a condition precedent, and that plaintiff should have been nonsuited, because no evidence had been given to show the result of the year's business succeeding the promise.

It is my belief that the 2 percent commission involved in the instant case represented only a conditional (contingent) liability of petitioner, and, therefore, cannot properly be used as a deduction by petitioner within the taxable year, and that the ruling of the Commissioner should be sustained.

ARUNDELL, MATTHEWS, LEECH, and TURNER agree with this dissent.