352

## DAILEY v. SCHATZ.
### No. C 10757.

United States District Court
E. D. New York.
May 12, 1953.

Motion to Amend Denied July 2, 1953.
See 113 F.Supp. 437.

Jennings & Kenney; New York City
(Joseph C. Kenney, New York City, of
counsel), for plaintiff.

Abraham M. Feinstein, Brooklyn, for defendant.

BYERS, District Judge.

The plaintiff sues to recover a balance of $6,550. alleged to be owing to him from the defendant as an unpaid balance of the plaintiff's charges for professional services rendered. The facts are not in dispute.

On May 5, 1943 the defendant's mother, Lena Schatz, entered into a written contract with plaintiff, retaining his services in the effort to obtain the release of her son, the defendant Morris, from custody in a federal penitentiary where he was serving a sentence of 25 years imposed in the District Court for the Southern District of New York on December 18, 1936. The amount of compensation was in part contingent upon the success of the plaintiff's efforts and since, as a result thereof, the defendant was released from custody on May 15, 1944, there is no question that the agreed sum ultimately to be due and payable was $9,000.

Of that sum, $750. was paid prior to December 19, 1943. To secure the balance of $8,250. Lena Schatz executed and delivered a second mortgage on certain real estate then owned by her in the County of Kings, bearing date May 5, 1943. The mortgage was delivered by the mortgagor to one Bernard Kronthal, her son-in-law, to be held by him in escrow. That mortgage was placed on record December 12, 1945.

After his release the defendant had one or more interviews with the plaintiff in the latter's office concerning the services that had been rendered, and on February 16, 1945 he paid $50. to the plaintiff, but no written receipt was asked for or given. Thereafter the plaintiff sought to collect the balance of his fee from Mrs. Schatz as appears from letters mailed to her on January 14, 1946, August 8, 1946 and October 10, 1946 (Plaintiff's Exhibit 5). An earlier letter to the same effect is Plaintiff's Exhibit 6, dated December 29, 1944; a copy of that letter was sent to Kronthal, evidently as the basis of a request to him to deliver the mortgage which he then held in escrow so that the plaintiff could proceed with foreclosure.

Probably because of the pressure thus brought to bear by the plaintiff, the defendant had one or more interviews with him during the year 1946, as the result of which plaintiff agreed to assign this mortgage to a nominee of the defendant upon receipt of $1,650. on account of the unpaid balance. That transaction was accomplished on November 29, 1946 in the plaintiff's office, at which time Plaintiff's Exhibit 3 was signed by this defendant and delivered to the plaintiff:

"November 29, 1946.
"John F. Dailey, Esq.
44 Wall Street
New York City
"Dear Mr. Dailey:

"This will acknowledge that there is still due you under the contract dated May 5, 1943 between you and my mother Lena Schatz the sum of $6,550. I agree to pay you this sum as I am able and give you such security therefor as I am able.
"Very truly yours,
(Signed) Morris Schatz."

The foregoing is relied upon to demonstrate that this defendant undertook and agreed to pay the said balance due as an obligation of his own, separate and apart from that of his mother's.

Recurring to the interview of February 16, 1945, the plaintiff testified that when the $50. payment was made, the defendant "asked me to keep his brother-in-law, a man named Kronthal, away from him." The latter was instrumental in securing the employment of the plaintiff by Mrs. Schatz, and a one-third participation in the plaintiff's fee was agreed to for his services "as counsel in connection with" the matters covered by the retainer agreement entered into by the plaintiff with Mrs. Schatz (Defendant's Exhibit A).

It is a reasonable inference that Kronthal's stake in the plaintiff's cause as asserted, does not tend to assuage this controversy.

The complaint contains two alleged causes of action: The first on the theory that in the month of August, 1944, the defendant, in consideration of plaintiff's promise that he would defer resort to the mortgage for the purpose of realizing the $8,250. of indebtedness "orally promised and agreed to and with the plaintiff that he the said defendant would pay to plaintiff the said balance of Eight Thousand Two Hundred and Fifty ($8,250.00) Dollars and acknowledged that he was indebted to plaintiff for said sum" and that the payment of $50. above referred to reduced the said indebtedness to the sum of $8,200.; also that in the month of October, 1946, the defendant stated that if the plaintiff would consent "to discharge, satisfy or assign said mortgage defendant would pay to plaintiff the sum of One Thousand Six Hundred and Fifty ($1,650.00) Dollars on account of the balance of said obligation and would agree in writing with plaintiff to pay off the full balance thereof."

That in reliance upon the forgoing the plaintiff executed an assignment of the mortgage and was paid $1,650., leaving a balance due which has been demanded and for which plaintiff seeks judgment.

The second cause is for the reasonable value of the professional services rendered by the plaintiff to the defendant in that "between the fifth day of May 1943 and the fifteenth day of May 1944 plaintiff at the special instance and request of defendant performed work, labor and legal services for the defendant, etc." as specified, and that the services were of the agreed and reasonable value of $9,000. of which no part except $2,450. has been paid, wherefore judgment is demanded for the said balance.

The only witnesses called were these two parties, and it must be said that the plaintiff has not sustained his burden of proof that the original hiring was other than that indicated in Plaintiff's Exhibit 1, the written contract of retainer signed by Lena Schatz. Indeed for all that it appears, the defendant might not have been aware at the date that the contract was made that plaintiff had been retained and was acting for the benefit of the defendant.

Had there been no contract entered into with Lena Schatz, the argument would be

difficult to meet that the defendant, having benefitted by the plaintiff's efforts in his behalf, would be chargeable with the fair and reasonable value of the services,—which is only another way of saying that if a different state of facts had been presented a different conclusion therefrom would be justified. Thus the second cause of action fails.

What the evidence shows is a clear and definite contract with Mrs. Schatz, her failure to meet its obligations, and threats by the plaintiff to foreclose the mortgage, with the result that $1,650. was paid on account through the medium of an assignment, as the result of which the plaintiff gave up whatever security the mortgage afforded to him. It was at that juncture that he was confronted with the necessity for deciding whether he had realized about all that he could reasonably expect to collect and therefore that it might be wise to accept the $1,650. rather than pursue his legal remedy under the mortgage; or, in the alternative, to exact a new undertaking from the defendant himself as a possible means of collecting the then unpaid balance.

If it be assumed—which may not be very wide of the mark—that the latter was his real purpose, it becomes necessary to examine the written evidence prepared by him of that which characterized such meeting of the minds as occurred between him and the defendant. The recital is to the effect that there is still due under the original contract between the plaintiff and the defendant's mother the sum of $6,550. and "I agree to pay you this sum as I am able and to give you such security therefor as I am able."

It necessarily follows that if the defendant should never be able to pay the money or to give the security, he would not be in default. In other words, it is a conditional undertaking. Such is the law of the State of New York, Tebo v. Robinson, 100 N.Y. 27, 2 N.E. 383, where the undertaking of the defendant was to pay "the moment he was able." This was held to be a conditional undertaking and that the fact of his ability at a given time was a question

for the jury in order that the date when the statute of limitations could be deemed to have begun could be definitely known. Other cases to the same effect are: Koster v. Lafayette Trust Co., 147 App.Div. 63, 131 N.Y.S. 799; Blodgett v. Hall, 11 Misc. 626, 32 N.Y.S. 788.

Plaintiff made no effort to prove that the defendant is able to pay or is able to furnish the security. Consequently, he has not demonstrated that the defendant is in default under the contract.

The foregoing is quite apart from the failure of the writing to contain a recital of the alleged consideration arising from the plaintiff's purported agreement not to proceed with the foreclosure of the mortgage, in reliance upon the defendant's giving the limited undertaking above quoted. The necessity for such complete embodiment of the agreement as a whole, was examined and passed upon in the case of Standard Oil Co. v. Koch, 260 N.Y. 150, at page 155, 183 N.E. 278, at page 279, wherein the court quoted the following:

"'It is not sufficient that the note or memorandum may express the terms of a contract. It is essential that it shall completely evidence the contract which the parties made. If instead of proving the existence of that contract, it establishes that there was in fact no contract or evidenced a contract in terms and conditions different from that which the parties entered into, it fails to comply with the statute.'"

It is thought that the bearing of the foregoing is obvious because if this plaintiff relies upon an undertaking on the part of this defendant to assume a debt of his mother's, whereby the plaintiff agreed to forego foreclosing a mortgage which she had given, the agreement which he made to that effect should have embodied the entire contract between the plaintiff and this defendant.

It results that the plaintiff has failed to sustain his burden of proof as to either cause of action, and accordingly judgment must be entered for the defendant, with costs.

The foregoing is deemed to be sufficiently explicit in its factual recital to render findings unnecessary; if the attorneys are of a different view, findings may be noticed for settlement.