Hickman *v.* Alpaugh.

---

# HICKMAN *v.* ALPAUGH.

WHERE the validity of a sale made in a foreign State is drawn in question in the Courts of this State the law of the place of contract will be presumed, until the contrary is shown, to have been the same as that of our own State in reference to the same subject matter.   This presumption extends to statutory as well as to the common law.

Thus, where in an action in a District Court of this State, an issue was raised as to whether a sale of personal property made in Oregon was fraudulent, and no proof was made of the laws of Oregon: *Held*, that the validity of the sale must be determined by the common law and statutes in force in this State on the subject.

APPEAL from the Fifteenth Judicial District.

The defendant, who was Sheriff of Tehama County, having process in his hands against the property of one Farrens, seized under this process certain cattle which were in the possession of the plaintiff, and for the recovery of this property, with damages, the action is brought.   The defense set up in the answer is, that the cattle were the property of Farrens, and were obtained by plaintiff under a fraudulent sale made to him by Farrens for the purpose of

defeating the creditors. It appeared from the evidence that the sale alleged to be fraudulent was made in the State of Oregon. No proof of the laws of Oregon was made on the trial. Under the instructions of the Court set forth in the opinion the jury found for the plaintiff. Defendant moved for a new trial, which was denied, and from this order and the judgment he appeals.

*W. H. Rhodes*, for Appellant.

By the laws of California, as well as by common law, a sale or assignment made for the purpose of defrauding creditors, if such object be known and concurred in by the vendee, is absolutely void. (Wood's Dig. 107.) By the comity of Courts of Justice, it is a rule of common law that the statutory laws of the State or country in which a cause of action arose, or in which the act was done that is the subject of litigation, are presumed to be the same as the statutory laws of the forum, until the contrary affirmatively appears. (*Norris* v. *Harris*, 15 Cal. 252, and authorities there cited; *Robinson* v. *Dauchy*, 3 Barb. S. C. 29, and authorities cited; *Hoffman* v. *Carew*, 22 Wend. 322–324.)

*W. S. Long*, for Respondent.

NORTON, J. delivered the opinion of the Court—FIELD, C. J. concurring.

On the trial of this action the Court gave the following charge to the jury: "The sale relied upon by the plaintiff, Hickman, of a portion of the property in controversy from N. J. Farrens to him took place in Oregon, and without the jurisdiction of the State of California, and, therefore, the said sale cannot be attacked by the defendant in this cause for an actual or legal fraud provided for by the statute of California relating to fraudulent conveyances." This charge was erroneous. There was no proof made as to the laws of Oregon, and in the absence of such proof the Court should have presumed them to be the same as the laws of our own State. This rule applies to the statute law of the State as well as to the common law. (*Norris* v. *Harris*, 15 Cal. 253, 254, and cases there cited; *Leavenworth* v. *Brockway*, 2 Hill, 201; *Rob-*

*inson* v. *Dauchy*, 3 Barb. 20 ; *Hoffman* v. *Carew*, 22 Wend. 322–324.)

For this error the judgment must be reversed and the cause remanded.