CHARLES P. MATTOCKS, Assignee of George E. Ward, Bankrupt, *vs.* GEORGE H. CHADWICK.

Cumberland. Opinion August 4, 1880.

*Statute of limitations. New promise.*

When a new promise is relied on to take a debt out of the operation of the statute of limitations, and the new promise is a conditional one, the plaintiff cannot recover unless he proves performance of the condition. Proof of promise only is not sufficient.

A promise to settle a demand "when I was [am] able" is not sufficient to take the case out of the operations of the statute of limitations without proof of the defendant's ability to pay.

EXCEPTIONS from superior court, Cumberland county.

ASSUMPSIT on the note given below, commenced November 19, 1878, entered at the December term, 1878, and tried by the justice without the intervention of a jury, at the March term, 1879, subject to exceptions in matters of law. Plea, the general issue, with brief statement that the alleged cause of action did not accrue within six years before the date of plaintiff's writ.

(Note.)

"$191.42.                     "Portland, October 25, 1870.

Sixty days after date I promise to pay to the order of G. E. Ward, one hundred ninety-one forty-two one hundredths dollars.

At                     Value received.

GEO. H. CHADWICK."

Upon a demand being made by the plaintiff, upon the defendant, for payment of the note, the defendant sent the plaintiff the following communication in writing:

"Portland, June 17, 1878.

C. P. Mattocks, Dear Sir:—I received a notice from you Saturday, stating that a demand against me had been left in your office. I presume it is Mr. Ward's claim. I would say now, as I did before, and also told Mr. Ward, that when I was able I should most certainly settle the demand. I am not now, nor have I been, in a condition to settle it. It will be a great satisfaction to myself when I find my business will permit me to liquidate the demand, for being in debt, with me is not at all

agreeable, and to be free from such embarrassments is equally pleasant. I should have called in person on you, but shall be occupied all my leisure moments in the examinations of the public schools.          Very respectfully,

GEO. H. CHADWICK."

At the trial the defendant admitted that the demand referred to in the above letter was the note in suit.

Upon the foregoing facts, the presiding justice ruled as a matter of law, that "the defendant is liable to the plaintiff for the amount of the note;" and the defendant excepted to that ruling.

*C. P. Mattocks*, for the plaintiff.

This action is brought under the provisions of R. S., c. 81, § 93. "In actions of debt or on the case founded on any contract, no acknowledgment or promise shall be allowed to take the case out of the provisions hereof, unless the acknowledgment or promise is an express one, in writing, signed by the party chargeable thereby."

To take the contract out of the operation of the statute of limitations it is not necessary that the admission of indebtedness should be in any very precise or set terms. "It is sufficient if the evidence be such, that it can satisfactorily be deemed, that the party to be charged meant to be understood to concede, that he owed the debt." *Dinsmore* v. *Dinsmore*, 21 Maine, 433; *Barrett* v. *Barrett et al.* 8 Maine, 353; *Whitney* v. *Bigelow*, 4 Pick. 110.

In *Cummings* v. *Gasset*, 19 Vt. 308, the court held a promise to pay "as soon as the debtor could do so," sufficient to take the case out of the statute of limitations. See also, *Homer* v. *Starkey*, 27 Ill. 13; *Sennett* v. *Homer*, *Id.* 429; *Bliss* v. *Allard*, 49 Vt. 350.

*Josiah H. Drummond*, for the defendant.

WALTON, J. When a new promise is relied on to take a debt out of the operation of the statute of limitations, and the new promise is a conditional one, the plaintiff cannot recover unless he proves performance of the condition. Proof of the promise

only is not sufficient. Thus, a promise to pay "as soon as I can," (*Tanner* v. *Smart*, 6 B. & C. 273 ; 9 D. & R. 549) ; or, "when able," (*Davies* v. *Smith*, 4 Esp. 36) ; or, "I shall be most happy to pay you both interest and principal as soon as convenient," (*Edmunds* v. *Downes*, 2 C. & M. 459 ; 4 Tyr. 173) ; or, "when of ability," (*Scales* v. *Wood*, 3 Bing. 648 ; 11 Moore, 553) ; or, "I will pay as soon as it is in my power to do so," (*Haydon* v. *Williams*, 4 M. & P. 811) ; or, "I should be happy to pay it if I could," (*Ayton* v. *Bowers*, 12 Moore, 305 ; 4 Bing. 105) ; or, "I am going to H. in the course of the week, and will help you to 5 *l.* if I can," (*Gould* v. *Shirley*, 2 M. & P. 581) ; or, "If E. will say I had the timber I will pay for it," or, "prove it by E. and I will pay for it," (*Robbins* v. *Otis*, 1 Pick. 368 ; 3 Pick. 63) ; or, "I have not the means now, but will pay as soon as I can," (*Tompkins* v. *Brown*, 1 Denio, 247) ; will not take a case out of the statute, except upon proof of performance of the condition. Proof of the promise only is not sufficient. *Read* v. *Wilkinson*, 2 Wash. C. C. 514 ; *Lonsdale* v. *Brown*, 3 Wash. C. C. 404 ; *Kampshall* v. *Goodman*, 6 McL. 189.

In the case now before us, the defendant's promise was conditional. He said, "I would say now as I said before, and also told Mr. Ward, that when I was able I should most certainly settle the demand ; but I am not now, nor have I been, in a condition to settle it." Such a promise is not sufficient to take a case out of the operation of the statute of limitations, without proof of the defendant's ability to pay. There was no such proof, and the determination of the justice of the superior court that the evidence was sufficient to entitle the plaintiff to recover, was erroneous.

*Exceptions sustained.*
*New trial granted.*

APPLETON, C. J., VIRGIN, PETERS, LIBBEY and SYMONDS, JJ., concurred.