WILLIAM M. TEBO, Appellant, *v.* WILLIAM ROBINSON, Respondent.

Ability to pay, within the meaning of a promise to pay a debt when able, cannot be fairly implied while the debtor, although in possession of property sufficient to pay the debt, is plainly insolvent, or where payment, if enforced, would strip him of his means of support; nor is it within the contemplation of the parties that the debtor will pay out of earnings necessary for the support of himself or his family, or that he will pay to the prejudice of other creditors whose debts are absolute and unconditional. On the other hand, such a promise does not imply simply an ability to pay without embarrassment, or even without crippling the debtor's resources or business.

In an action commenced in November, 1881, upon a written promise made by defendant in October, 1872, to pay $1,000 before that time loaned to him by plaintiff, the moment he was able, the defense was the statute of limitations. It appeared that for some time prior to November, 1875, defendant had a balance to his credit in bank at all times, sometimes more and sometimes less than plaintiff's claim. Also, that defendant, from prior to 1873, was a member of the New York Stock Exchange, and that his seat, in 1875, was worth $5,000. Whether he owed any other debts than that to plaintiff did not appear. Plaintiff testified to a conversation with defendant in October, 1875, in which the latter stated that he had not seen a time since he borrowed the money when he could pay it, and that plaintiff could rest assured he would do so as soon as he was able. The court nonsuited plaintiff. *Held* error; that it was a question of fact for the jury as to when defendant became able to pay.

*Tebo* v. *Robinson* (29 Hun, 243), reversed.

(Argued June 3, 1885; decided October 6, 1885.)

APPEAL from judgment of the General Term of the Supreme Court, in the second judicial department, entered upon an order made February 13, 1883, which affirmed a judgment in favor of defendant, entered upon an order nonsuiting plaintiff on trial. (Reported below, 29 Hun, 243.)

This action was brought upon a promise contained in a letter written by defendant to plaintiff in October, 1872; of so much of the letter as is material the following is a copy:

"You will find inclosed $100, with interest, which you so kindly loaned me one year ago, and I hope and trust I shall shortly be able to inclose you $1,000, which you also kindly

loaned me, hoping at the same time you may have no need of it until such time as I shall be able to pay it, and you may rest assured you shall have the money the moment I am able to pay it."

The complaint averred ability to pay prior to the commencement of the suit. This was not denied in the answer. The sole defense set up was the statute of limitations.

The material facts are stated in the opinion.

*Josiah T. Marean* for appellant. An action brought more than six years after the money was originally loaned must be based upon a new promise, for the action on the original promise is barred. (*Shoemaker* v. *Benedict*, 11 N. Y. 183; *Bell* v. *Morrison*, 1 Peters, 371; *Tompkins* v. *Brown*, 1 Denio, 247; *Duprey* v. *Mount*, 3 Wend. 139; *Scales* v. *Jacob*, 3 Bing. 638; *Tanner* v. *Smart*, 6 B. & C. 603.) The new promise sued upon being conditional, the plaintiff must allege, and, if it be denied, prove, performance of the condition before suit, since that is an element of his cause of action. (*Wakeman* v. *Sherman*, 9 N. Y. 85; *Cocks* v. *Weeks*, 7 Hill, 45; *Davies* v. *Smith*, 4 Esp. 36; *Waters* v. *Earl of Thanet*, 2 G. & Dav. 166.)

*Washington Sackmann* for respondent. A promise to pay when able is a conditional promise, dependent upon the happening of the condition, which must be proved by the plaintiff before he can recover. (*Cocks* v. *Weeks*, 7 Hill, 45; *Davies* v. *Smith*, 4 Esp. 36; *Souton* v. *Eislord*, 7 Johns. 36; *Bush* v. *Barnard*, 8 id. 408; *Waters* v. *Earl of Thanet*, 2 G. & Dav. 166; Angel on Lim. of Act. 100, §§ 113, 114; Brown on Actions, 78; *Wakeman* v. *Sherman*, 9 N. Y. 85.) The statutes not having ran against it, and no demand having been made upon the defendant, the original cause of action was neither extinguished nor suspended by the letter set forth in plaintiff's complaint. (*Howe* v. *Woodruff*, 21 Wend. 640.) The statute began to run from the hour of the defendant's ability to pay, regardless of whether the plaintiff knew of that

ability or not. (*Waters* v. *Earl of Thanet*, 2 G. & Dav. 166; Angel on Lim. 100, §§ 113, 114; 1 Dan. Neg. Instr. 34; *Cocks* v. *Weeks*, 7 Hill, 45; *Troup* v. *Smith*, 20 Johns. 32; 12 Week. Dig. 358.) The rule as to the running of the statute is the same as in actions for conversion or tort. (*Bunce* v. *Tilson*, 25 N. Y. 194; *Troup* v. *Smith*, 20 Johns. 34, 49; *Kelsey* v. *Griswold*, 6 Barb. 436; *Allen* v. *Miller*, 17 Wend. 201.) If the letter set forth in the complaint is adjudged to rise to the dignity of a new and independent contract, then the statute of limitations began to run against the new promise from the hour defendant was able. (Code of Civ. Pro., § 415; Brown on Actions, 78; *Waters* v. *Earl of Thanet*, 2 G. & Dav. 169; Angel on Lim. 100, §§ 113, 114; Dan. on Neg. Instr. 34; *Allen* v. *Miller*, 17 Wend. 201.)

ANDREWS, J. The promise of the defendant contained in the letter of October 19, 1872, was conditional. It was to pay the debt "the moment he was able." The cause of action on this promise accrued as soon as the defendant had the pecuniary ability to pay his debt. Proof that the defendant at a particular time subsequent to October 19, 1872, had property equal to, or greater than the amount of the plaintiff's debt, would not conclusively show that he was able to pay the debt within the meaning of the promise so as to give a right of action. This fact might be consistent with utter insolvency on the part of the defendant, or the property might be of such a character that to deprive him of it would take away his means of livelihood as effectually as depriving a mechanic of his tools would deprive him of means of support. A promise to pay when able is to be reasonably interpreted. On the one hand it does not imply ability to pay without embarrassment, or even without crippling the debtor's resources or business, while on the other hand ability to pay cannot be fairly implied while the debtor, although he may be in possession of property sufficient to pay the particular debt, is plainly insolvent, or when payment, if enforced, would strip him of his means of support. The creditor, or a promisee of this kind, reposes

very much on the good faith of the promisor. He generally relies upon the debtor's making known any change in his pecuniary circumstances which enables him to pay the debt, although there is no duty of voluntary disclosure. It is not contemplated by the parties that the debtor will pay the debt out of earnings necessary for the support of himself or his family, or that he will pay the particular debt to the prejudice of other creditors whose debts are absolute and unconditional.

The present action was commenced November 15, 1881. The only defense is the statute of limitations. The trial judge granted a nonsuit on the ground that it was shown that the defendant was able to pay the debt prior to November, 1875, and more than six years before the commencement of the action. We think the court erred, and that this question should have been submitted to the jury. It appeared from the bank account of the defendant that prior to November, 1875, the balance to his credit was sometimes more and sometimes less than the amount of the plaintiff's claim, and that at all times there was a balance of several hundred dollars in his favor. It was also shown that the defendant was a broker, and that from prior to 1873 he was a member of the Stock Exchange in the city of New York, and that, in 1875, his seat in the Exchange was worth $5,000. There was no proof that he had any other property, and whether he owed any debts other than the debt to the plaintiff was not disclosed. It may be assumed that the case made by the defendant *prima facie* established the fact of his ability to pay the plaintiff's debt prior to November, 1875. But the plaintiff testified that in October, 1875, at an interview between himself and the defendant, in which the payment of the debt was alluded to, the defendant said that he had not seen a time since he borrowed the money that he could pay it, that his wife needed a shawl and he was not able to buy her one, and added that the plaintiff could rest assured that he would pay the debt as soon as he was able to. We think it was a question for the jury upon this evidence whether, up to the time of this conversation, the defendant was able to pay the plaintiff. The bank account and the ownership of the

seat in the Stock Exchange was not necessarily inconsistent with an inability to pay the plaintiff's debt prior to that time. The jury should have been permitted to pass upon the question. No change in the pecuniary circumstances of the defendant was shown to have occurred between the time of this conversation, in October, and the November following, and the jury would have been justified in assuming that no change had taken place. If the ability to pay the plaintiff's debt did not exist prior to November, 1875, the cause of action was not barred in November, 1881, when the action was commenced.

The judgment should be reversed and a new trial granted.

All concur.

Judgment reversed.