CHARLES P. BOYNTON *vs.* GEORGE H. MOULTON.

Essex.    March 8, 1893. — May 22, 1893.

Present: FIELD, C. J., ALLEN, HOLMES, MORTON, & LATHROP, JJ.

*Statute of Limitations — Acknowledgment of Debt.*

After a debt due from B. to A. on an account was barred by the statute of limitations, B., at A.'s request, wrote upon the account, after dating it, " Will pay on this bill such amount as I can," and signed the writing. In an action by A. against B. on the account, the judge, who tried the case without a jury, found that B., on the day the writing was dated, was able to pay nothing. *Held*, that the action could not be maintained.

CONTRACT upon an account annexed. Writ dated March 24, 1890. Answer: 1. A general denial. 2. The statute of limitations. Trial in the Superior Court, without a jury, before *Bond*, J., who ruled that the evidence was not sufficient to entitle the plaintiff to recover, and found for the defendant ; and the plaintiff alleged exceptions. The facts appear in the opinion.

*W. S. Peters*, for the plaintiff.

*B. F. Brickett & C. H. Poor*, for the defendant.

LATHROP, J. In August or September, 1888, the debt due from the defendant to the plaintiff on an account having become barred by the statute of limitations, Pub. Sts. c. 197, § 1, the defendant, at the request of the plaintiff, wrote upon the account, " Dec. 1, 1888, will pay on this bill such amount as I can," and signed the writing. This is not an unqualified acknowledgment of the debt, from which a promise to pay may be inferred. *Custy* v. *Donlan, ante*, 245. It is merely a promise to pay, on a certain day, such an amount as the defendant then could pay. The judge has found that the defendant on that day was able to pay nothing. The plaintiff can claim only what the promise gave him. The ruling of the court below that the evidence was not sufficient to entitle the plaintiff to recover was clearly right. *Bidwell* v. *Rogers*, 10 Allen, 438. *Bethell* v. *Bethell*, 34 Ch. D. 561. 　　　　　　　*Exceptions overruled.*