MICHAEL KEENAN *vs.* BERNARD KEENAN, Administrator.

PROVIDENCE—MAY 25, 1897.

PRESENT : Matteson, C. J., Stiness and Tillinghast, JJ.

One who relies upon a qualified promise made with reference to a debt barred by the statute of limitations, takes the promise subject to the qualification annexed to it, and cannot maintain his action without showing the fulfillment of the qualification.

ASSUMPSIT for money due from defendant's intestate, to which the statute of limitations was pleaded and plaintiff replied a new promise. Heard on waiver of jury trial.

MATTESON, C. J. The words relied on to take the case out of the statute of limitations are, "I have no money at present, and won't have any until I sell the house, and then it will be all right with you and me." If this be regarded as an acknowledgment of an existing debt which the defendant's intestate was ready and willing to pay, the implied promise is nevertheless a qualified promise to pay when he had sold his house. The debt had long been barred by the statute.

In such case the rule is that the creditor takes the promise with the qualification annexed to it, and cannot maintain an action without showing the fulfillment of the qualification. *Shaw* v. *Newell,* 1 R. I. 488 ; *Sweet* v. *Franklin,* 7 R. I. 355 ; *Wiley* v. *Brown,* 18 R. I. 615 ; *In re Bethell* v. *Bethell,* L. R. 34 Ch. Div. 561, 565, 566 ; *Boynton* v. *Moulton,* 159 Mass. 248 ; 1 Wood Lim. 2 ed. § 77. The testimony fails to show a sale of the house, which was to put the intestate in funds with which to pay the plaintiff's claim. We are of the opinion, therefore, that the claim must be regarded as barred by the statute of limitations, and that judgment must be for the defendant for costs.

*Thomas F. Vance,* for plaintiff.
*Hugh J. Carroll,* for defendant.