SCOTT *v.* THORNTON.

(*Jackson.* May 19, 1900.)

STATUTE OF LIMITATIONS. *Begins to run, when.*

An action for a barred debt revived by a conditional new promise of the debtor to pay when he shall be able, accrues only at and from the date when the debtor's ability to pay can be shown, and is not, therefore, barred until the lapse of six years from that date.

FROM SHELBY.

Appeal in error from Circuit Court of Shelby County. J. S. GALLOWAY, J.

T. D. YOUNG for Scott.

A. B. PITTMAN and R. L. BARTELS for Thornton.

MCALISTER, J. This is a suit upon a note for $130, executed by Geo. W. Scott and H. C. Scott, at Evansville, Ind., September 16, 1868, and payable to the order of Jones & Gatch.

The plaintiff, H. C. Scott, and G. W. Scott, deceased, were brothers, and at the date of said note, to wit, September 16, 1868, G. W. Scott

was residing and employed in business at Evansville, Ind. G. W. Scott purchased a bill of goods of Jones & Gatch, and in order to procure credit made some false representations in respect of his solvency. He was prosecuted by Jones & Gatch for obtaining goods under false pretenses, and was arrested and imprisoned. H. C. Scott, who resided in Henderson, Ky., was appealed to, and, going to Evansville, settled the case by executing the note in controversy, which was signed by the two brothers, G. W. and H. C. Scott, jointly. Upon the maturity of the note it was paid by H. C. Scott. G. W. Scott having died, this suit was commenced August 27, 1897, against the administrator of his estate.

The defendant pleaded, first, the statute of limitations of six years; second, payment. The plaintiff filed a replication relying on a new promise made within six years before suit brought.

The proof on the subject of the new promise was, first, the testimony of Clarence Scott, a nephew, who testified that in October, 1887, G. W. Scott in his presence promised to repay H. C. Scott when he got able. Next plaintiff introduced the following letter, purporting to have been written by G. W. Scott, viz.:

"MILLINGTON, TENNESSEE, April 25, 1894.
"*Dear Brother Henry C. Scott*:
"I am keeping store at this place and doing

well. I expect to make $1,000 this year. Henry,. I will come up to Henderson this fall, about the 1st of October, and I will pay you every dollar I owe you. You have waited on me a long time, and I have not been able to pay you, but I am able now, and I will pay you. If I don't come up in October I will send it to you, so don't be uneasy; you shall have your money."

It is claimed by plaintiff that the letter of April 25, 1894, shows, first, a new promise to pay the note; second, ability to pay at the . date of the letter; and, third, inability to pay before that date.

It is further insisted on behalf of plaintiff that his right of action only accrued from the date of the letter, and that the time for bringing suit was thereby extended six years. Defendant's counsel objected to the admissibility of this letter in evidence upon the ground that it had not been sufficiently proved to be the, genuine letter and signature of the deceased, but the Court overruled the objection and permitted the letter to be read to the jury, to which action of the Court defendant's counsel excepted. It should be remarked in this connection that this cause was before this Court at last term on appeal by defendant from a judgment in favor of plaintiff below for the amount of the note. The judgment was reversed upon the ground that there was no proof that

this letter was written by G. W. Scott, or was in his genuine handwriting. The Court held that the evidence of Clarence Scott—the son of H. C. Scott, who was only twelve years old when the matter occurred about which he testified, and the vagueness of his testimony, amounted to no evidence in support of the letter. Said witness was again examined on the last trial, and testified substantially as follows:

"I was well acquainted with G. W. Scott, deceased. I have often seen this letter before. I don't remember much about G. W. Scott's handwriting. This letter is, as far as I remember, G. W. Scott's writing. As far as I recollect, it is his signature. This letter came through the United States mail. M. H. Overly, who was postmaster at Henderson, Kentucky (our home at that time), delivered it to my father, H. C. Scott."

This evidence was substantially the same as that delivered by this witness on the former trial. H. C. Scott, being a party in interest on the record, was disqualified to testify about this transaction in a suit against his deceased brother.

On the remand of the case the plaintiff took the deposition of Mrs. Amanda Scott, wife of H. C. Scott, for the purpose of identifying the handwriting of G. W. Scott. This witness testified that she was well acquainted with the handwriting of G. W. Scott, that he boarded at her

house about five years, and she saw him write often. She identified the letter of April 25th, 1894, to be in the handwriting of G. W. Scott. The witness further stated that her familiarity with the handwriting of G. W. Scott was acquired first in 1858, when he came to her house to board, in Henderson, Kentucky. Witness was about sixty years of age at the time her deposition was taken.

The jury, under the charge of the Court, returned a verdict in favor of defendant. A new trial having been refused, plaintiff appealed, and has assigned errors.

The first assignment is that the Court erred in the following instruction to the jury, to wit:

"It is further insisted by plaintiff that G. W. Scott promised, in October, 1887, to pay said note when he got able. If the jury believe from the evidence such promise was made, then the time for suing on said note would be extended only for six years thereafter, and unless suit was brought within six years next after said promise was made, the right of action at the expiration of that six years became barred, and no recovery can be had."

We think this an erroneous statement of the law. The new promise was conditional upon the ability of the promisor to pay, and until that ability was shown, no action could be maintained. But whenever the promisor became able to pay,

whether within six years from the date of the new promise, or afterwards, an action would lie. The plaintiff could not, of course, sue on the new promise within six years without showing promisor's ability to pay, and it is only from this date that the statute of limitations begins to run—that is to say, from date of promisor's ability to pay. This instruction of the Circuit Court was important from the fact that one witness had testified that in 1887 he heard. G. W. Scott promise H. C. Scott that he would pay the note in question when he got able. This conditional promise was made to pay this specific note. The letter of 1894 does not specify any particular debt, but is a promise to pay all he owed the plaintiff. It contains, however, a declaration of his ability to pay. This, coupled with the conditional promise made in 1887, in the presence of Clarence Scott, would *prima facie* give a right of action. This is independent of the new promise to pay made in the letter of April 25, 1894.

For the error in the charge, the judgment is reversed and the cause remanded.