[L. A. No. 2975. Department One.—January 9, 1913.]

## H. C. VAN BUSKIRK, Respondent, v. J. T. KUHNS, Administrator of the Estate of E. P. Reynolds, Deceased, Appellant.

STATUTE OF LIMITATIONS—PRESUMPTION AS TO FOREIGN LAW.—In the absence of proof, the law of a foreign jurisdiction with reference to limitations of actions is presumed to be the same as the law of this state.

ID.—PROMISE TO PAY DEBT "WHEN ABLE"—PERFORMANCE OF CONDITION.—A promise to pay a debt "when able" is conditional, and no cause of action accrues thereon until the condition is performed, that is to say, until the debtor is able to pay, and until then the statute of limitations does not commence to run.

ID.—COMPLAINT MUST ALLEGE ABILITY TO PAY—APPEAL FROM JUDGMENT.—In an action to enforce such a promise, it is essential to support a judgment for the plaintiff that the complaint should allege, and the court should find, the debtor's ability to pay. A defect in so alleging and finding is reviewable on an appeal from the judgment.

ID.—DEFENSE OF STATUTE OF LIMITATIONS—DEFENDANT MUST PROVE BAR OF STATUTE.—In such an action, in order to establish the affirmative defense of the statute of limitations, it was incumbent upon the defendant to show that the debtor had the ability to pay his debt, and that a cause of action accrued against him more than the statutory time before the filing of the complaint.

APPEAL from a judgment of the Superior Court of Riverside County and from an order refusing a new trial. F. E. Densmore, Judge.

The facts are stated in the opinion of the court.

Collier, Carnahan & Craig, for Appellant.

Purington & Adair, for Respondent.

SLOSS, J.—The defendant appeals from a judgment against him, and from an order denying his motion for a new trial.

The action was brought to foreclose a mortgage on land in Riverside County. It is alleged in the complaint that in No-

vember, 1894, the defendant's intestate, E. P. Reynolds, Jr., who was then indebted to plaintiff in the sum of three thousand dollars for money loaned, borrowed of plaintiff the further sum of one thousand five hundred dollars, and promised to pay plaintiff the entire sum of four thousand five hundred dollars "whenever he, the said E. P. Reynolds, Jr., should be able to do so." This transaction took place at Wymore, Gage County, Nebraska. At the same time and place, Reynolds executed and delivered to plaintiff an instrument, in form a bargain and sale deed of the property above mentioned, the instrument being given and accepted as a mortgage to secure the payment of said sum of four thousand five hundred dollars. With the exception of three hundred and fifty dollars, the debt is unpaid. Reynolds died in December, 1907, and the defendant was, by the superior court of Riverside County, appointed administrator of his estate. Recourse against any property, other than that mortgaged, is waived.

The answer denies the making of the loan, and the execution of the mortgage. It also pleads the bar of the statute of limitations, specifying sections 361, 339 (subd. 1), and 337 (subds. 1 and 2) of the Code of Civil Procedure.

The findings were in favor of the plaintiff, and judgment of foreclosure followed.

The appellant's principal contention is that the evidence establishes that the action was barred by the statute of limitations, and particularly by section 361. Under that section, an action based upon a cause of action arising in another state cannot be maintained in this state after the lapse of time within which an action might have been maintained in the state in which the cause of action arose. There is an exception in favor of citizens of this state, but the plaintiff is not within the excepted class.

If, then, at the date of the filing of the complaint herein, an action on the debt could not have been maintained in Nebraska, the state in which the cause of action arose, the suit to foreclose the mortgage must be held to be barred here. (*Allen* v. *Allen*, 95 Cal. 184, [16 L. R. A. 646, 30 Pac. 213]; *Lilly-Brackett Co.* v. *Sonnemann*, 157 Cal. 192, [21 Ann. Cas. 1279, 106 Pac. 715].) There was no evidence of the Nebraska law with reference to limitation of actions, but, since, in the

absence of proof, the law of a foreign jurisdiction is presumed to be the same as our own (*Hickman* v. *Alpaugh,* 21 Cal. 225; *Flood* v. *Dunphy,* 147 Cal. 95, [81 Pac. 315]; *Lilly-Brackett Co.* v. *Sonnemann,* 157 Cal. 192, [21 Ann. Cas. 1279, 106 Pac. 715]), the period within which an action might have been brought in Nebraska on the oral agreement to repay the money loaned must be taken to be two years. (Code Civ. Proc., sec. 339, subd. 1.)

On the propositions just stated there is no dispute between the parties. They advance opposing views, however, regarding the time when a cause of action on the debt accrued. The loan was made in November, 1894. Reynolds died in December, 1907, and this action was commenced in May, 1910. There was, accordingly, a lapse of thirteen years after the making of the loan, until Reynolds's death, and over fifteen years until the filing of the complaint.

The appellant contends that where a promisor agrees to make a payment "when able," his obligation is to pay within a reasonable time, and that the right to sue is barred at the expiration of such reasonable time. If the rule be as claimed, it will not be doubted that a delay of fifteen years is, *prima facie,* long enough to permit a reasonable time within which to sue, together with two years thereafter, to elapse several times.

But the authorities in this state seem to establish a different rule for construing a promise to pay "when able." They support the respondent's contention that such a promise is conditional, and that no cause of action accrues until the condition is performed, that is to say, until the debtor is able to pay. In *Curtis* v. *City of Sacramento,* 70 Cal. 412, [11 Pac. 748], the court said that "if the debtor promises to pay the debt when he is able, or by installments, etc., the creditor can claim nothing more than the promise gives him." In *Rodgers* v. *Byers,* 127 Cal. 528, [60 Pac. 42], the defendant, being indebted to plaintiff, wrote to plaintiff before action was barred, saying, "I will liquidate that note as soon as I can get the money. . . . Will pay as soon as I can." It was held that plaintiff could not rely upon the statements as extending his time to sue upon the original obligation. His claim, said the court, was based upon a "substituted, conditional promise," and the proper action would have been one for the

breach of such promise, "in which it would have been necessary for the plaintiff to allege the promise and show the condition broken after defendant's ability to perform." (See, also, *Morehouse* v. *Morehouse,* 140 Cal. 88, [73 Pac. 738].) It follows that until the debtor becomes able to pay, the statute of limitations does not begin to run. The general current of authority is to this effect. (25 Cyc. 1350; 19 Am. & Eng. Ency. of Law, 2d ed. 193; *Tebo* v. *Robinson,* 100 N. Y. 27, [2 N. E. 383]; *Richardson* v. *Bricker,* 7 Colo. 58, [49 Am. Rep. 344, 1 Pac. 433]; *Mattocks* v. *Chadwick,* 71 Me. 313; *Scott* v. *Thornton,* 104 Tenn. 547, [58 S. W. 236]; *Barker* v. *Heath,* 74 N. H. 270, [67 Atl. 222].) Nothing contrary to this view is decided in cases like *Williston* v. *Perkins,* 51 Cal. 554, or *Earle* v. *Sunnyside Land Co.,* 150 Cal. 214, [88 Pac. 920], where the promise was to pay out of a fund to be realized in a certain way. It was held in these and similar cases that there is an implied obligation to use reasonable diligence in performing the act upon which payment was contingent. In default of such diligence, payment becomes due without performance of the condition. But there is nothing in the facts before us to bring this case within the rule stated. It is not suggested that Reynolds was in any way derelict in his efforts to acquire the means to pay his debt.

Since the statute of limitations is an affirmative defense, it became incumbent upon the defendant, in order to establish this plea, to show that Reynolds had the ability to pay his debt, and that, accordingly, a cause of action against him accrued more than the statutory time before the filing of the complaint. The evidence on the subject is rather meager, and we think the court below was justified in making a finding, implied in the finding that the action was not barred, that Reynolds had not had such ability.

But if the views above expressed are sound, the very fact that prevents the statute from running (i. e., the lack of ability, on Reynolds's part, to pay his debt), operates also to prevent the plaintiff from maintaining his action. The reason that the statute does not run is that the promise is conditional upon the debtor's ability to pay, and that a cause of action does not accrue until such ability exists. If the promise is conditional upon such ability, it is, as is said in *Rodgers* v. *Byers,* 127 Cal. 528, [60 Pac. 42], incumbent upon the

plaintiff to allege and prove that the condition has been complied with. This is not, like the plea of the statute of limitations, matter of defense. It is a substantive part of the cause of action, and the burden of proof with respect to it, is upon the plaintiff. (*Bidwell* v. *Rogers,* 10 Allen, 438; *Boynton* v. *Moulton,* 159 Mass. 248, [34 N. E. 361]; *Veasey* v. *Reeves,* 6 Ind. 406; *Halladay* v. *Weeks,* 127 Mich. 363, [89 Am. St. Rep. 478, 86 N. W. 799]; *Parker* v. *Butterworth,* 46 N. J. L. 244, [50 Am. Rep. 407]. The complaint contains no allegation of such ability, and the court does not find it. There is, therefore, a want of averment and finding of facts establishing the existence of a cause of action. The plaintiff alleges a promise to pay in a certain event. He does not allege, and the court does not find, that the event upon which the obligation depends, has occurred. Neither the complaint, therefore, nor the findings, support the judgment. This defect is one that may be reviewed on an appeal from the judgment.

The result of these views being that the judgment must be reversed, it is unnecessary to consider the further points made by the appellant.

The judgment and the order denying a new trial are reversed.

Shaw, J., and Angellotti, J., concurred.