Argued September 23, decided October 7, 1913.

## KOOP v. COOK.*

(135 Pac. 317.)

**Limitation of Actions—Acknowledgment or New Promise—Sufficiency.**

1. Under Section 24, L. O. L., providing that no acknowledgment or new promise shall be sufficient evidence of a new or continuing contract to take a case out of the operation of the statute of limitations

*On the question of expression of hope or expectation as a new promise which will toll the statute of limitations, see note in 38 L. R. A. (N. S.) 577; and as to the effect of promise to pay as soon as one can, see note in 27 L. R. A. (N. S.) 300.

The question of the person to whom acknowledgment or new promise must be made to toll the statute or remove the bar is the subject of notes in 25 L. R. A. (N. S.) 805 and 33 L. R. A. (N. S.) 262.

REPORTER.

unless contained in writing, an acknowledgment, to toll the statute, must be an unqualified and direct admission of a present subsisting debt on which the party making it is liable and which he is willing to pay, and a promise, to toll the statute, must be an unconditional agreement to pay the debt.

[As to·the sufficiency of an acknowledgment or new promise to remove the bar or interrupt the running of the statute of limitations, see note in 102 Am. St. Rep. 751.]

Limitation of Actions—Construction of Limitation Laws.

2. While formerly pleas of limitations were looked upon with disfavor, statutes of limitations are now viewed with favor as statutes of repose and are construed liberally.

Limitation of. Actions—Acknowledgment or New Promise—Conditional Promise.

3. A promise to pay a debt upon a stated condition will not toll the statute of limitations, unless the condition has been performed or exists, and hence a promise to try and pay soon "if this sickness does not continue too long so as to clean me up" was insufficient where the condition was not shown to exist.

Limitation of Actions—Acknowledgment or New Promise—Sufficiency.

4. A letter written by a debtor to a creditor in which he stated that he wanted to pay the debt that spring was not a sufficient acknowledgment to toll the statute of limitations as it did not directly acknowledge the existence of any binding obligation.

Limitation of Actions—Pleading—Matters in Avoidance of Defense.

5. Where the complaint showed on its face that an action on a note was barred by limitations unless there had been a new promise or acknowledgment, and further showed that the new promise relied on was conditional, but failed to show that the condition had been performed or existed and limitations were raised and pressed both by demurrer and answer, the complaint would not support a judgment for plaintiff.

From Douglas: JAMES W. HAMILTON, Judge.

Department 1. Statement by MR. JUSTICE RAMSEY.

This is an action by J. W. Koop against one Cook and E. L. Giles to recover $500 and interest thereon upon a promissory note. The plaintiff recovered a judgment in the court below for the full amount of the note and costs against the defendant Giles. The defendant Cook made no appearance. REVERSED.

For appellant there was a brief and an oral argument by *Mr. Oliver P. Coshow.*

For respondent there was a brief and an oral argument by *Mr. John T. Long.*

Mr. Justice Ramsey delivered the opinion of the court.

This action is based on a promissory note, of which the following is a copy:

"$500.00.        Brainerd, Minn., Dec. 21, 1900.

"Ninety days (without grace) after date we promise to pay to the order of S. & J. W. Koop five hundred dollars, with interest at the rate of eight per cent per annum until paid, the interest to maturity having been paid in advance, and being the intention that if this note is not paid at maturity shall bear the same rate of interest thereafter as before paid. Payable at the First National Bank, Brainerd, value received.

"[Signed]    Cook and Giles."

S. Koop assigned his interest in the note to the plaintiff.

For the purpose of showing that the said promissory note is not barred by the statute of limitations, the plaintiff, in his amended complaint, sets forth a copy of the following letter which he alleges the defendant Giles wrote to him:

"Roseburg, Oregon, May 19, 1907.
"Mr. J. W. Koop,
     "Brainerd, Minn.—

"Dear Sir: Your letter at hand; was glad to hear from you and would have answered before but my family have all been sick, my wife and baby are still sick, and we lost a girl that was three years old, the doctors don't know what is the trouble with them. I have had four doctors, and none of them seems to know the trouble. Well, now in regard to *that account,* will say *I wanted to pay you this spring.* I have got the N. P. Bank paid and *will try and pay you soon if this*

*sickness doesn't continue too long so as to clean me all up,* by the way, where is Cook now and what does he say about paying.

"Yours Resp.,
"[Signed]   E. L. GILES."

The amended complaint contains the following allegation immediately preceding the setting out of said copy of said letter: "Plaintiff further alleges that the defendant E. L. Giles did on the 19th day of May, 1907, acknowledge said indebtedness (on said note), and which said acknowledgment is and was in writing, and said defendant E. L. Giles did on said 19th day of May, 1907, promise and agree in writing to pay the plaintiff the amount due him as aforesaid, and that said E. L. Giles did then and there, in writing, promise and agree to pay the plaintiff the amount due plaintiff in the spring of 1907, and which said written acknowledgment and promise to pay plaintiff are in words and figures as follows, to wit:" And the amended complaint then sets out said copy of said letter. After setting out a copy of said letter, the amended complaint then alleges: "Plaintiff alleges that the aforesaid letter is in answer to a letter written to the defendant a short time prior thereto, wherein plaintiff demanded the payment of and from the defendant E. L. Giles of the amount due on said note hereinbefore set forth. Plaintiff alleges that said note herein set forth is the evidence of indebtedness due the plaintiff from said defendant and that said note was executed and delivered to the said S. & J. W. Koop in settlement of an account." The portions of the amended complaint set out, *supra,* include all of said pleading pertaining to said letter. Said promissory note became due and payable about March 21, 1901.

Section 6, L. O. L., requires actions on simple contracts to be commenced within six years from the time

that the right of action accrues, and hence the right of action in this case was barred by the statute of limitations, unless the statute was tolled by the writing of said letter.

1. Section 24, L. O. L., is as follows: "No acknowledgment or promise shall be sufficient evidence of a new or continuing contract, whereby to take the case out of the operation of this title (the statute of limitations) unless the same is contained in some writing, signed by the party to be charged thereby," etc.

*An acknowledgment* or *a promise,* to toll the statute, must be in writing, signed by the party to be charged thereby, but this statute does not define what the acknowledgment or promise shall contain and leaves that to be ascertained from the decisions of the courts and treatises of learned men upon that subject.

2. For many years, pleas of the statute of limitations were looked upon by the courts with disfavor, and courts often searched for causes for denying them; but in recent times statutes of limitations are viewed with favor as statutes of repose and are construed liberally: 19 Am. & Eng. Ency. of Law (2d ed.), pp. 151, 152.

*An acknowledgment,* to toll the statute, must be *an unqualified and direct admission of a present subsisting debt* on which the party making the acknowledgment is liable, and which he is willing to pay. *A promise,* to toll the statute, must be an unconditional agreement to pay the debt.

3. A promise to pay a debt upon a stated *condition* will not toll the statute, unless it is shown that the condition upon which the party promised to pay the debt has been performed or exists: *Bell* v. *Morrison,* 1 Pet. 351, 362 (7 L. Ed. 174); *Wetzell* v. *Buzzard,* 11 Wheat. 309 (6 L. Ed. 481); *France* v. *Ruby,* 93 Neb. 214 (140 N. W. 175); 25 Cyc. 1337–1339; *Fearn* v. *Lewis,* 6 Bing.

67 Or.—7

163; *Poynder* v. *Black,* 5 Dow. 570; *Hart* v. *Pendergast,* 14 Mees. & W. 740; Kelly, Code Statute of Limitations, §§ 153, 154; Wood, Limitations (3 ed.), §§ 86, 87; Buswell, Limitations, §§ 42, 43; 19 Am. & Eng. Ency. of Law (2 ed.), pp. 297, 298; *Hanson* v. *Towle,* 19 Kan. 273.

In 19 American and English Encyclopedia of Law (2 ed.), pages 297, 298, the rule is stated thus: "The acknowledgment or new promise should be clear, distinct, and unequivocal, unaccompanied by conditions or limitations."

In *Bell* v. *Morrison,* 1 Pet. 351 (7 L. Ed. 174), the court says: "If the bar is sought to be removed by the proof of a new promise, that promise, as a new cause of action, ought to be proved in a clear and explicit manner and be in its terms unequivocal and determinate; and, if any conditions are annexed, they ought to be shown to be performed. If there be no express promise, but a promise is to be raised by implication of law from the acknowledgment of the party, such acknowledgment ought to contain an unqualified and direct admission of a previous, subsisting debt, which the party is liable and willing to pay. If there be accompanying circumstances, which repel the presumption of a promise or intention to pay, if the expressions be equivocal, vague and indeterminate, leading to no certain conclusions, but at best to probable inferences, which may affect different minds in different ways, we think they ought not to go to a jury as evidence of a new promise to revive the cause of action."

In *Hanson* v. *Towle,* 19 Kan. 273, the court says: "A mere reference to an indebtedness, although consistent with its existing validity and implying no disposition to question its binding obligation or a suggestion of some action in reference to it, is not such an 'acknowledgment' as is contemplated by the statute.

This must be an unqualified and direct admission of a present subsisting debt on which the party is liable.''

A promise by a debtor to pay a debt when he shall be able to do so, or when convenient, or the like, will toll the statute, when he becomes able, or when it becomes convenient for him to do so; but it is incumbent upon the creditor to allege and prove the necessary facts showing his ability to pay the debt, or that it is convenient for him to pay it (as the case may be): 19 Am. & Eng. Ency. of Law (2 ed.), 299; *Tebo* v. *Robinson,* 100 N. Y. 27, 29 (2 N. E. 383); *Boynton* v. *Moulton,* 159 Mass. 248 (34 N. E. 361); *Sherman* v. *Wakeman,* 11 Barb. (N. Y.) 254; *Manning* v. *Wheeler,* 13 N. H. 486; *Richardson* v. *Bricker,* 7 Colo. 58 (1 Pac. 433, 49 Am. Rep. 344); *Bidwell* v. *Rogers,* 10 Allen (Mass.), 438; *Hartranft's Estate,* 153 Pa. 530 (26 Atl. 104, 34 Am. St. Rep. 717); *Scott* v. *Thornton,* 104 Tenn. 547 (58 S. W. 236); *Mattocks* v. *Chadwick,* 71 Me. 313.

19 American and English Encyclopedia of Law (2d ed.), 298, 299, says: ''An expression of a willingness to pay, if the debtor is able, or a similar expression, is a qualified new promise and insufficient to affect the statute; so also of a promise to pay such amounts as I can.    Notwithstanding the fact that a new promise is conditional, such promise or acknowledgment will become sufficient and will save the debt from the operation of the statute, if it is made to appear that the condition has been fully met; and to show such fulfillment is incumbent on the plaintiff.''

In *Tebo* v. *Robinson,* 100 N. Y. 27 (2 N. E. 383), the court says: ''The promise of the defendant contained in the letter of October 19, 1872, was conditional. It was to pay the debt 'the moment he was able.'    The cause of action on this promise accrued as soon as the defendant had the pecuniary ability.''

In *Boynton* v. *Moulton*, 159 Mass. 248 (34 N. E. 361), the court says: "In August or September, 1886, the debt due from the defendant to the plaintiff on an account having become barred by the statute of limitations, * * the defendant, at the request of the plaintiff, wrote upon the account: 'Dec. 1, 1888. Will pay on this bill such amount as I can'—and signed the writing. This is not an unqualified acknowledgment of the debt, from which a promise to pay may be inferred. * * It is merely a promise to pay, on a certain day, such amount as the defendant then could pay. The judge has found that the defendant on that day was able to pay nothing. The plaintiff can claim only what the promise gave."

In this case the debtor wrote the plaintiff, in answer to a letter from the latter, saying, *inter alia*, that his family had been sick and that his wife and baby were still sick. He said that a young daughter had died, and that, although he had had four physicians in attendance, none of them seemed to know what the sickness was. He then added the following, which the plaintiff contends tolls the statute: "Well, now in regard to *that account*, will say *I wanted to pay you this spring*. I have got the N. P. Bank paid and *will try and pay you soon if this sickness doesn't continue too long so as to clean me up.*"

In *Scott* v. *Thornton*, 104 Tenn. 547 (58 S. W. 236), the court says: "The new promise was conditional upon the ability of the promisor to pay, and until that ability was shown no action could be maintained. But, whenever the promisor became able to pay, * * an action would lie."

In *Mattocks* v. *Chadwick*, 71 Me. 313, the court says: "When a new promise is relied on to take a debt out of the operation of the statute of limitations, and the new promise is a conditional one, the plaintiff cannot

recover unless he proves performance of the condition. Proof of the promise only is not sufficient. Thus a promise to pay as 'soon as I can,' * * 'or when able,' * * will not take a case out of the statute, except upon proof of performance of the condition.''

Assuming, without deciding, that by the words ''that account'' the defendant intended to refer to the promissory note upon which this action is based, is the writing just cited sufficient to toll the statute?

4. The writer, in the first place, says, that he *''wanted* to pay'' the plaintiff last spring. This states merely what he had wanted to do and is not a promise, nor does it acknowledge directly the existence of any binding obligation. He may have wanted to pay sums for which he was never legally bound. He may have desired to pay the debts of others. Such statements do not toll the statute. The sentence, ''I * * will try and pay you soon, if this sickness doesn't continue too long, so as to clean me all up,'' is not a direct promise to pay. The words, ''I will try and pay,'' mean only that the writer will make an effort to pay, or that he will pay, if he is able to do so. The whole sentence means that the writer is willing to pay the account and will make an effort to pay it soon, if the sickness should not continue long enough ''to clean him all up.''

5. The amended complaint sets out the defendant's promise in full, and this showed that it was *conditional* as stated, *supra.* The amended complaint wholly failed to show that the condition upon which the defendant promised ''to try and pay'' the plaintiff had come to exist. Where the promise relied upon is conditional, the plaintiff's pleading must allege the facts showing that the conditions exist under which the promisor agreed to pay the debt. In the absence of such allegations, the debt appears on the face of the pleading to be barred. The demurrer to the amended

complaint should have been sustained.    The amended complaint is insufficient to sustain a judgment, as the statute of limitations was raised and pressed both by demurrer and by answer.

The judgment of the court below is reversed, and the case remanded to the court below for further proceedings in accordance with this opinion.    REVERSED.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE MOORE and MR. JUSTICE BURNETT concur.