Argued May 3; affirmed May 18, 1948

## CLOSTERMANN, as Executrix, *v.* RODE

193 P. (2d) 532

*Robert G. Clostermann,* of Portland, argued the cause and filed a brief for appellant.

*A. S. Grant,* of Baker, argued the cause for respondents. On the brief were Heilner, Grant & Fuchs, of Baker.

Before Rossman, Chief Justice, and Lusk, Belt, Bailey and Brand, Justices.

BELT, J.

On June 3, 1947, plaintiff, as Executor of the estate of John H. Rode, deceased, commenced this action to recover on a promissory note executed by defendants in the sum of $20,000.00, dated December 31, 1929, and due one year after date. The court sustained a demurrer to the complaint on the ground that it affirmatively appeared therefrom that the action had not been commenced within the six-year period provided by statute (§ 1-204, O. C. L. A.). On refusal of the plaintiff further to plead, the action was dismissed. From the judgment of dismissal, the plaintiff appeals.

The sole question is whether a certain letter from the defendant, J. D. Rode, in response to one from the executor—both of which were attached as exhibits to the complaint—had the effect of taking the cause out of the operation of the statute of limitation. Plaintiff asserts that the letter from defendant Rode—which was not signed by the other defendant—constituted an acknowledgment of the debt within the meaning of § 1-222, O. C. L. A., and therefore the cause was revived. Plaintiff concedes that no cause of action is stated as against the defendant Rhoda M. Rode.

John H. Rode died testate on February 1, 1946. Paragraph IV of decedent's last will and testament provided:

"Whereas my brother John D. Rode, 1210 Willow Street, La Grande, Oregon, owes me about

$40,000.00 principal and interest, I hereby give and bequeath to my said brother John D. Rode, the sum of $20,000.00 (Twenty Thousand Dollars) said amount to be in form of and as a credit on his said indebtedness to me."

On May 1, 1946, the Executor wrote the following letter to the defendants:

"On or about December 31, 1929, at Forest Grove, Oregon, you made and executed your certain promissory note in writing in the principal sum of $20,000.00, payable to John H. Rode, one year after date, with interest thereon at the rate of 6% per annum. The above entitled estate is now the holder and owner of said note.

"In order that I may be able to make a proper return in the matter of the inheritance and estate tax reports, kindly let me know what, if any, offsets, counterclaims, or credits you have against said note other than the credit of $20,000.00 given you under the last will and testament of your brother, said John H. Rode."

and in response, thereto the defendant, J. D. Rode, by letter dated May 5, 1946, thus answered:

"Your Registered letter received and contents note, owing to the counter claims and credits I haft to make a sworn statement the only thing be excetable as you stated, also have my Sons and Families Make up their sworn Statement at the same time. I suppose You want this to be the final counter claims and credits. I dont understand how you can put in tax report before settlement is complete or have any knoledge what hirs mite be left in Germany alive. So please let me know at your earliest conveniance."

Section 1-222, O. C. L. A., provides:

"No acknowledgment or promise shall be sufficient evidence of a new or continuing contract, whereby to take the case out of the operation of

this title, unless the same is contained in some writing, signed by the party to be charged thereby; * * * * * ''

■ To revive a cause barred by the statute there must be a new promise, express or implied, to pay the debt. If there is a distinct, unqualified, and unconditional acknowledgment of a present subsisting indebtedness, the law creates an implied obligation to pay. *Koop v. Cook,* 67 Or. 93, 135 P. 317; *Meridianal Company v. Moeck,* 121 Or. 133, 253 P. 525; 34 Am. Jur. 242, § 300; 54 C. J. S., Limitations of Actions 379, § 309. However, such implied promise does not arise from a writing equivocal, vague, and indeterminate. The debtor, in the writing signed by him, must disclose a clear intention to admit liability on the indebtedness. In the instant case, it is not contended that the letter discloses an express promise of the defendant to pay. Neither do we think such letter constitutes an acknowledgment from which an implied promise to pay may be reasonably inferred. The letter falls far short of being an unqualified and unconditional admission of a subsisting indebtedness. In fact, the defendant who signed the letter does not even refer to the note which is the basis of plaintiff's cause of action. Indeed, there is no admission of any indebtedness. It is observed that the letter from the Executor did not inquire of defendants whether they acknowledged the note or expected to pay it, but was confined to an inquiry as to any offsets, counterclaims, or credits they might have. For aught that appears, defendants, in their sworn statements, might have asserted that the note was paid or that it was barred by the statute of limitation.

Plaintiff in his brief makes no reference to the decisions of this court on the question presented on

appeal, but is content to cite *Investment & Securities Company v. Bunten,* 56 Wyo. 77, 103 P. (2d) 414, and *Western Coal & Mining Company v. Jones,* 27 Cal. (2d) 819, 167 P. (2d) 719, 164 A. L. R. 685. These two cases were decided on factual situations materially different from that involved herein. In the Bunten case, the debtor wrote two letters. In one he stated: "I very much appreciate the loan of this money and I will pay it every cent back to you." In the other letter he stated: "I will give you a list of the accounts that still owe me there and if you can get anything from them you may apply it to the note." Clearly in this case there was an acknowledgment of the indebtedness and a promise to pay the same. The Jones case is likewise clearly distinguishable on the facts, as will be shown by a casual reading thereof.

Judgment is affirmed.