In the Matter of the Accounting of IRVING M. LACHMAN, as Executor of DAVID LACHMAN, Deceased, Respondent; SYLVIA L. HYATT, Appellant.

Decree affirmed, with costs.

SHIENTAG, J. (dissenting): The objectant, Sylvia L. Hyatt (hereafter referred to as the claimant), presented to the executor of the decedent, David Lachman, her claim for $8,350, the unpaid balance of a $10,000 loan made by her to the decedent. The claim was rejected, and on the hearing a motion to dismiss was granted on the ground that the claim was barred by the Statute of Limitations.

The claim arises out of an acknowledgment of indebtedness dated March 25, 1930. In this document the decedent acknowledged himself indebted to the objectant in the sum of $10,000 which sum " was this day loaned to the undersigned by said Sylvia L. Hyatt." The document read further as follows:

" The undersigned, for himself, his heirs, executors and legal representatives, covenants and agrees to make repayment to said SYLVIA L. HYATT, of the aforesaid sum of Ten thousand ($10,000) Dollars at time or times which shall be mutually satisfactory and agreeable to SYLVIA L. HYATT and the undersigned.

" DAVID LACHMAN covenants and agrees that he will out of any monies received by him under and pursuant to the Will of his mother, MARIE LACHMAN, pay to the said SYLVIA L. HYATT, so much thereof as shall equal said sum of Ten thousand ($10,000) Dollars, if said sum has not been paid prior thereto, and for the purpose of securing said payment, the undersigned does hereby assign to said SYLVIA L. HYATT out of the monies which the undersigned shall receive from the estate of his said mother, the first $10,000, thereof that shall become payable to the undersigned."

No question is raised concerning the authenticity of this document nor of the *bona fides* of the loan referred to. The record shows that the claimant loaned the decedent $10,000 on March 25, 1930, by her check to his order which was deposited to his account in the Chase National Bank the following day.

The first question for decision is whether the document referred to is enforcible as a valid agreement to repay a loan, or is merely the expression of some moral obligation. The specific acknowledgment of the indebtedness, the reference to the debtor's " heirs, executors and legal representatives ", the formality with which the undertaking to repay is worded, the security given in the instrument for the repayment of the loan, the partial payment of some $1,600 thereunder and the continued acknowledgment of the balance due, all taken together, indicate that a binding legal contract was intended rather than the mere expres-

sion of a moral obligation which might or might not be discharged at the option or the whim of the purported promissor. It is true that the words that repayment was to be made " at time or times which shall be mutually satisfactory and agreeable " to the parties, standing alone, might not have the definiteness ascribed to an agreement to pay when able; but read in their context the use of the expression just quoted must be interpreted to mean that payment was to be made at no fixed date but that there was a binding obligation to pay either when able or within a reasonable time. Parties do not execute an instrument of the kind we have here simply to record the expression of a hope or an expectation. The learned Surrogate assumed that there was in the first instance a binding obligation to repay and with that we agree (*Tebo* v. *Robinson,* 100 N. Y. 27; 3 Willison on Contracts, § 804; 37 Yale L. J. 990).

The second question presented is whether the defense of the Statute of Limitations was established. While the Surrogate was fully warranted in rejecting the testimony of the claimant's husband concerning alleged small, partial payments, which if actually made would have tolled the statute, it was error to dismiss at the close of the claimant's case and to reject her claim.

There was received in evidence a typewritten letter signed by the decedent which was undated and which specifically acknowledged the claim and promised to pay the balance due. In his opinion the Surrogate rejected this evidence as of no probative force, primarily because the letter was undated. It appears, however, that the facts concerning the authenticity of this typewritten letter, its signature and its date, were not fully litigated.

The record shows that decedent received a registered letter, return receipt requested, mailed by the claimant on October 16, 1945, and received by the decedent on October 17, 1945. The typewritten letter in controversy, bearing no date but containing the heading " Friday afternoon ", specifically refers to the registered letter of the 16th, was addressed to the claimant, and the stamped envelope in which it was purportedly contained was received in evidence; the date on this stamped envelope appears to be indecipherable. The letter, as stated, acknowledged the indebtedness of $10,000, referred to the $1,600 payment on account, and promised to repay every penny of the balance.

There may be a question as to the genuineness of the letter, the date of its transmission and of the signature attached thereto which should be fully tried. If we assume that the signature was authentic, and apparently for the purposes of the decision below it was so regarded, a *prima facie* case was made out, under the circumstances here presented, of an acknowledgment and promise to pay in writing sufficient to toll the statute, notwithstanding the fact that the written acknowledgment was undated.

In any event, on the new hearing additional testimony may be received concerning the authenticity of the letter, the date it was sent and received, and the genuineness of the signature. Moreover, the date on which it was written and mailed to the claimant may be determined by collateral matters mentioned in the letter itself.

The decree of the Surrogate's Court should be reversed and a new trial ordered, with costs to appellant to abide the event.

Glennon, J. P., Cohn and Callahan, JJ., concur in decision; Shientag, J., dissents and votes to reverse and order a new trial, in opinion in which Dore, J., concurs.

Decree affirmed, with costs. No opinion.