Submitted on briefs May 16, affirmed June 27, 1956

# BUELL *v.* DESCHUTES COUNTY MUNICIPAL IMPROVEMENT DISTRICT

298 P. 2d 1000

Alfred H. Stoloff and Phillips, Coughlin, Buell & Phillips, of Portland, for Appellant.

DeArmond, Goodrich, Foley & Gray, of Bend, for Respondent.

LATOURETTE, J.

Plaintiff, W. E. Buell, appeals from a judgment in favor of defendant, Deschutes County Municipal Improvement District.

It appears that plaintiff sued to recover the face amounts of certain bonds, interest and a warrant issued by the defendant district in 1921-23. All the obligations sued on were outlawed excepting certain bonds in the amount of $2,000, which the plaintiff had judgment on. The Court based its judgment on defendant's defense, that the statute of limitations had run.

The plaintiff contends that since the defendant district periodically filed with the State Engineer, the State Treasurer and the State Reclamation Commission statements in writing, setting out the unpaid obligations, including plaintiff's, there was an acknowledgment of the debt owing plaintiff by defendant, which removed the statute of limitations.

The sole question revolves around the interpretation of ORS 12.230, which provides as follows:

"No acknowledgment or promise shall be sufficient evidence of a new or continuing contract, whereby to take the case out of the operation of this chapter, unless the same is contained in some writing, signed by the party to be charged thereby; but this section shall not alter the effect of any payment of principal or interest."

■■ So far as we are able to ascertain, we have never passed directly on the precise question. However, in *Kopp v. Cook,* 67 Or 93, 97, 135 P 317, we said:

"*An acknowledgment* or *a promise,* to toll the statute, must be in writing, signed by the party to be charged thereby, but this statute does not define what the acknowledgment or promise shall contain and leaves that to be ascertained from the decisions of the courts and treatises of learned men upon that subject.

"For many years, pleas of the statute of limitations were looked upon by the courts with disfavor, and courts often searched for causes for denying them; but in recent times statutes of limitations are viewed with favor as statutes of repose and are construed liberally:   *   *   *

"*An acknowledgment,* to toll the statute, must be *an unqualified and direct admission of a present subsisting debt* on which the party making the acknowledgment is liable, and which he is willing to pay. *A promise,* to toll the statute, must be an unconditional agreement to pay the debt."

■ We believe that the "direct admission" referred to above means an admission made directly to the creditor or someone acting for him. This is in consonance with the great weight of authority.

We quote from 34 Am Jur 254, Limitation of Actions § 319, as follows:

"The modern and prevailing view is that an acknowledgment, to be effectual so far as the removal of the bar is concerned, must be made either to the creditor or to some one authorized to act for him, or, if to a stranger, must have been made with the intention that it be communicated to the creditor, the reason being that otherwise no privity is established between the parties with respect to the new promise. Although there are some earlier cases to the contrary, both English and American, as a general rule the acknowledgment of a debt made to a stranger, and not intended to be communicated to the creditor, will not remove the bar of the statute."

In 54 CJS 412, Limitations of Actions § 319, the following language was used:

"An acknowledgment of a debt not made to some person will not interrupt the running of the statute; and, according to the weight of authority, an acknowledgment or promise, in order to have that effect, must be made, not to a stranger, but to the creditor himself or to some one acting for him, or in privity with him, or to a party in interest, or with the intention that it be communicated to the creditor."

In 1 Restatement 101, Contracts § 86, the following language is used:

"(1) Except as stated in § 93, a promise to perform all or part of an antecedent contractual or quasi-contractual duty for the payment of money due from the promisor, other than a judgment, is binding if the antecedent duty was once enforceable by direct action, and is either still so enforceable or would be except for the effect of a statute of limitations.

"(2) The following facts operate as such a promise as that stated in Subsection (1) unless other circumstances indicate a different intention:

"(a) A voluntary acknowledgment to the obligee, admitting the present existence of such an antecedent duty as is described in Subsection (1);"

In *Clostermann v. Rode,* 183 Or 412, 415, 193 P2d 532, we said:

"To revive a cause barred by the statute there must be a new promise, express or implied, to pay the debt. If there is a distinct, unqualified, and unconditional acknowledgment of a present subsisting indebtedness, the law creates an implied obligation to pay. Koop v. Cook, 67 Or. 93, 135 P. 317; Meridianal Company v. Moeck, 121 Or. 133, 253 P. 525; 34 Am. Jur. 242, § 300; 54 C. J. S., Limitations of Actions 379, § 309. * * *"

■■ The law is universal, without contradiction, that a promise, to be effective to toll the statute, must be made to the creditor or someone acting for him, and since the acknowledgment of a present subsisting indebtedness implies a new promise, we can see no logical reason why an acknowledgment of the debt should not likewise be made, as stated in Restatement, supra, to the obligee.

Plaintiff has cited several cases from foreign jurisdiction in support of his views, but they are in the minority, and, in our opinion, unsound.

Affirmed.